**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF**
**TEXAS HOUSTON DIVISION**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU and | ) ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| COLONY RIDGE DEVELOPMENT, LLC, d/b/a Terrenos Houston, Terrenos Santa Fe, and Lotes y Ranchos; | ) ) ) ) |
| COLONY RIDGE BV, LLC; | ) ) |
| COLONY RIDGE LAND, LLC, formerly d/b/a Terrenos Houston and Lotes y Ranchos; and | ) ) ) |
| LOAN ORIGINATOR SERVICES, LLC, | ) ) |
| Defendants. | ) ) |

Case No. 23-cv-4729

**DEFENDANTS COLONY RIDGE DEVELOPMENT, LLC, COLONY RIDGE BV, LLC, AND COLONY RIDGE LAND, LLC'S MOTION [OPPOSED] TO STAY CASE PENDING FINAL RESOLUTION OF SUPREME COURT DECISION IN *COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD. v. CFPB***

TO THE HONORABLE AL BENNETT, UNITED STATES DISTRICT JUDGE:

Defendants Colony Ridge Development, LLC, Colony Ridge BV, LLC, and Colony Ridge Land, LLC (collectively the "Colony Ridge Defendants") file this Motion seeking entry of an order staying the above-styled action pending final resolution of the Supreme Court review of the Fifth Circuit's decision in *Cmty. Fin. Servs. Ass'n of Am. v. CFPB*[1] ("*CFSA v. CFPB*"). In support

---
[1] *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616 (5th Cir. 2022), cert. granted sub nom. *CFPB v. Com. Fin. Services Ass'n.*, 143 S. Ct. 981, No. 22-448, 143 S. Ct. 978, 215 L. Ed. 2d 104, (Feb. 27, 2023).

thereof, the Defendants respectfully submit as follows:

A.  **The Fifth Circuit's Binding Decision finding the CFPB's Enforcement Authority, Rules and Regulations at Issue in this Case are Voidable Awaits a Ruling in the Supreme Court**

1. On October 19, 2022, the Fifth Circuit panel issued its opinion in *CFSA v. CFPB*. The panel held that the Bureau's statutory funding mechanism violates the Appropriations Clause and the constitutional separation of powers. *Id.* at 638-640. As a result, the CFPB's enforcement authority as well as its rules and regulations are currently subject to challenge. Stated plainly, any CFPB action which requires the expenditure of funds from its current funding mechanism is voidable.

2. On November 14, 2022, the Solicitor General filed a Petition for a Writ of Certiorari ("Petition") on behalf of the CFPB in *CFPB v. CFSA*. The Petition sought review of the Fifth Circuit's decision in *CFSA v. CFPB*. On February 27, 2023 the U.S. Supreme Court granted the CFPB's Petition. The Supreme Court heard oral arguments in the case on October 3, 2023. A decision is expected on or before June 2024.

3. Unless and until the Fifth Circuit opinion is reversed or amended, the panel decision in *CFSA v. CFPB* binds this Court.

B.  **Plaintiffs Filed this Suit *After* Oral Arguments in the Supreme Court, Despite Stays in Similar Proceedings in this Circuit**

4. On December 20, 2023, *more than two months after oral arguments in the Supreme Court,* the CFPB and the United States filed this enforcement action, asserting eleven (11) claims against the Colony Ridge Defendants. Nine (9) of the eleven (11) claims—namely, Counts III through XI—are brought under the authority of the CFPB alone, for alleged violations of statute and regulation traditionally within the sole jurisdiction of the CFPB. One of the eleven claims—Count I—is brought under the joint authority of the CFPB and the United States for alleged

violations of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f, and Regulation B to that Act promulgated by and/or enforced by the CFPB. The sole remaining claim—Count II—is brought under the authority of the United States alone for alleged violations of the Fair Housing Act, 42 U.S.C. §§ 3601-3619 and regulations promulgated by the Department of Housing and Urban Development. All claims against the Colony Ridge Defendants are inextricably intertwined, as they involve the same facts, statutes and legal theories.

5. On January 24, 26, 29, and 31, 2024, the Parties communicated regarding the impact that *CFSA v. CFPB* had on the scheduling and progress of this case. On January 31, 2024, the CFPB and the United States indicated they opposed a complete stay of this case pending resolution of the appellate activity in *CFSA v. CFPB*. The United States opposed a stay of its two (2) claims; the CFPB indicated it would agree to a stay of the CFPB claims if the defendants would agree to move forward on the two claims brought by the United States.

6. Other U.S. District Courts within the Fifth Circuit have stayed CFPB cases because of the Supreme Court's pending disposition of *CFSA v. CFPB. See e.g., CFPB v. Active Network, LLC,* United States District Court, Eastern District of Texas, Case No. 4:22-cv-00898-ALM at ECF No. 14(September 29, 2022) (Mazzant, J.); *CFPB v. Populus Financial Group, Inc. d/b/a ACE Cash Express*, United States District Court, Northern District of Texas, Case No. 3:22-cv-01494-K at ECF No. 28 (Kinkeade, J.).

**C.     A Stay in this Case Will Promote Judicial Economy, Prevent Needless Waste of Resources by Defendant, and Not Prejudice Plaintiffs**

7. There is a good cause to stay this case, because a stay will promote judicial economy and efficient resolution. Given the very recent filing of this case, the fact that none of the Defendants are even scheduled to answer for another two (2) more weeks, and no discovery has been propounded from any party, the potential prejudice to plaintiffs CFPB and the United States is minimal. The

Supreme Court opinion addressing CFPB's authority is expected no later than June 2024, which is a reasonably small delay for the Plaintiffs' case. The Colony Ridge Defendants, on the other hand, will suffer hardship if this motion is denied, because it is likely that substantial discovery, dismissal motions, and similar legal costs will be immediately incurred even though the actual scope of this case will not be ascertained until the Supreme Court issues its opinion in *CFSA v. CFPB*. Certainly, if the current state of the law is affirmed by the Supreme Court, most of the legal costs associated with this case could be fully avoided. Anything less than a full reversal of the Fifth Circuit's opinion will necessarily impact the scope of this case and could render discovery and motion practice on certain CFPB claims irrelevant or improper. In short, the Plaintiffs' claims and the Colony Ridge Defendants' defense to those claims will be informed by the eventual Supreme Court opinion, so neither side should be forced to incur significant legal costs and expenses while such broad and far-reaching existential questions are set to answered shortly. The Colony Ridge Defendants believe the requested stay is reasonable given the perceived needs of the case.

8. The Colony Ridge Defendants have not yet filed an Answer to the Complaint or filed any dispositive motions. No discovery has occurred or is pending.

9. A stay does not affect the Colony Ridge Defendants' rights to challenge or otherwise respond to the Amended Complaint in this matter.

10. The Colony Ridge Defendants submit this Motion and respectfully request that the Court enter an order stating:

    a. All proceedings in this action shall be stayed until after the Supreme Court's final disposition of the case *CFPB v. CFSA* on the merits;

    b. Any party may move this Court to lift the stay before it expires on its own terms, upon a showing of good cause; and

   c. The Parties shall file a Joint Report within 45 days of the conclusion of the stay.

The Joint Report shall contain statements of how the Parties wish to proceed.

11. The stay is sought in good faith and not for the purpose of delay, but rather so that the interests of justice may be served.

12. This is the first request to stay this action.

13. The Colony Ridge Defendants reserve all objections and defenses to the Complaint, including any defense to be raised by a motion under Federal Rule of Civil Procedure 12.

Dated: February 6, 2024                    Respectfully submitted,

Philip H. Hilder
Texas Bar No. 09620050
Q. Tate Williams
Texas Bar No. 24013760
Stephanie K. McGuire
Texas Bar No. 11100520
**HILDER & ASSOCIATES, P.C.**
819 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
philip@hilderlaw.com
tate@hilderlaw.com
stephanie@hilderlaw.com

Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
**STONE | HILTON PLLC**
1115 W. Slaughter Lane
Austin, TX 78748
(737) 465-3897-telephone
judd@stonehilton.com
chris@stonehilton.com

_____
Jason Ray
Texas Bar No. 24000511

**RIGGS & RAY P.C.**
3307 Northland Drive, Suite 215
Austin, Texas 78731
(512) 457-9806- telephone
jray@r-alaw.com

*Attorneys for Defendants Colony Ridge Development, LLC, Colony Ridge BV, LLC, and Colony Ridge Land, LLC*

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 24, 2024, counsel for all parties conferred regarding this Motion and the substance of the relief requested, and Plaintiffs indicated they are opposed to the relief requested.

_____
Jason Ray

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of this document on the below-listed counsel of record, using the CM/ECF system on this, the 6th day of February 2024.

| | |
|---|---|
| Mellisa A. Carrington<br>Terrence K. Mangan, Jr.<br>Jimmy S. McBirney<br>Hannah C. Abelow<br>**U.S. Department of Justice**<br>150 M. Street, NE<br>Washington, DC 20530<br><br>Elizabeth F. Karpati<br>Assistant U.S. Attorney<br>1000 Louisiana, Suite 2300<br>Houston, TX 77002<br>*Attorneys for Plaintiff*<br>*United States of America*<br><br>E. Vanessa Assae-Bille<br>Alexis C. Christensen<br>Andrea M. Lowe<br>**Consumer Financial Protection Bureau**<br>1700 G Street, NW<br>Washington, DC 20552<br>*Attorneys for Plaintiff*<br>*Consumer Finance Protection Bureau* | Robert G. Hargrove<br>Lisa A. Paulson<br>**DAVIS, GERALD & CREMER, P.C.**<br>515 Congress Avenue, Suite 1510<br>Austin, Texas 78701<br><br>*Attorneys for Defendant*<br>*Loan Originator Services, LLC* |

_____
Jason Ray

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU and | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiffs, | ) ) ) | Case No. 23-cv-4729 |
| v. | ) ) | |
| COLONY RIDGE DEVELOPMENT, LLC, d/b/a Terrenos Houston, Terrenos Santa Fe, and Lotes y Ranchos; | ) ) ) ) | |
| COLONY RIDGE BV, LLC; | ) ) | |
| COLONY RIDGE LAND, LLC, formerly d/b/a Terrenos Houston and Lotes y Ranchos; and | ) ) ) | |
| LOAN ORIGINATOR SERVICES, LLC, | ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING MOTION FOR ENTRY OF ORDER STAYING CASE
PENDING FINAL RESOLUTION OF SUPREME COURT REVIEW
OF THE FIFTH CIRCUIT DECISION IN *COMMUNITY FINANCIAL
SERVICES ASSOCATION OF AMERICA, LTD. v. CFPB***

Having considered the Defendants' Motion for Entry of Order Staying Case Pending Final Resolution of the Supreme Court Review of the Fifth Circuit's Decision in *Community Financial Services Association of America, Ltd. v. CFPB* (the "Motion"), it is hereby **ORDERED** that the Motion is **GRANTED**. Accordingly, the Court **ORDERS** as follows:

1. All proceedings in this action shall be stayed until after the Supreme Court's final disposition of the case *CFPB v. CFSA* on the merits;

2. Any party may move the Court to lift the stay before it expires on its own terms, upon a showing of good cause; and

3. The Parties shall file a Joint Report within 45 days of the conclusion of the stay. The Joint Report shall contain statements of how the parties wish to proceed.

IT IS SO ORDERED.

_____   _____
Date                                                              The Honorable Alfred H. Bennett
                                                                       United States District Judge