**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU and UNITED STATES OF AMERICA,<br><br>　*Plaintiffs,*<br><br>vs.<br><br>COLONY RIDGE DEVELOPMENT, LLC, d/b/a Terrenos Houston, Terrenos Santa Fe, and Lotes y Ranchos;<br>COLONY RIDGE BV, LLC;  COLONY RIDGE LAND, LLC, formerly d/b/a Terrenos Houston and Lotes y Ranchos;  and LOAN ORIGINATOR SERVICES, LLC,<br><br>　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 23-cv-4729 |

**DEFENDANT LOAN ORIGINATOR SERVICES, LLC'S**
**MOTION TO STAY PROCEEDINGS PENDING**
**SUPREME COURT'S DISPOSITION OF RELATED CASE**

Defendant Loan Originator Services, LLC ("LOS") requests a stay of these proceedings, because a case currently pending before the United States Supreme Court will have a direct and potentially determinative impact on this case and one of its Plaintiffs, and would respectfully show:

**INTRODUCTION AND BACKGROUND**

On October 19, 2022, the United States Court of Appeals for the Fifth Circuit held that the funding mechanism for a Plaintiff here, the Consumer Financial Protection Bureau ("CFPB"), "violates the Appropriations Clause and the Constitution's underlying structural separation of powers." *Cmty. Fin. Servs. Ass'n of Am. v. CFPB,* 51 F.4th 616, 644 (5th Cir. 2022)*, cert. granted,* 143 S. Ct. 978, 2023 WL 2227658, No. 222-448 (Feb. 27, 2023) ("*Community Financial*")*.* The

**LOAN ORIGINATOR SERVICES' MOTION TO STAY**                                                                 **PAGE 1**

Fifth Circuit found the CFPB's funding structure unconstitutional because the CFPB is funded directly from the Federal Reserve, rather than through an appropriations process. *Id.* at 638-42. As a result, the Fifth Circuit vacated the rule at issue in that case (the CFPB's Payday Lending Rule) because the CFPB could not have promulgated it without its "unconstitutional funding." *Id.*, at 643. The holding in *Community Financial* means that any action taken by the CFPB that required or requires the expenditure of money is subject to vacatur.

The CFPB filed a Petition for Writ of Certiorari less than a month after the 5th Circuit issued its opinion, citing "the immense legal and practical significance of the decision below" as the reason for its fast action. Petition for a Writ of Certiorari, *CFPB v. Cmty. Fin. Servs. Ass'n of Am.*, 143 S. Ct. 978 (No, 22-448), 2022 WL16951308, at \*19. In its Petition, the CFPB bluntly noted that "because the decision below vacates a past agency action based on the purported Appropriations Clause violation, the decision threatens the validity of all past CFPB actions as well." *Id.* This would include the CFPB's decision to file and prosecute this lawsuit.

The Supreme Court granted the CFPB's Petition for Writ of Certiorari on February 27, 2023, and the case was argued on October 3, 2023. A decision is expected this term but has not been released as of the date of this Motion.

Despite the "immense legal and practical significance" of the pending appeal on the CFPB's authority, the CFPB and the United States filed this case on December 20, 2023. Eleven claims in total are asserted, but not all are asserted by both Plaintiffs or against all Defendants. All told, three of the eleven total claims in the case are asserted against LOS:

- Count I: The CFPB and the USA brought Count I against all Defendants. The claim alleges a violation of the Equal Credit Opportunity Act ("ECOA") and the CFPB's associated Regulation B. Count I's core allegation is that "Defendants' acts and practices constitute

unlawful discrimination against applicants, including by targeting Hispanic applicants on the basis of race or national origin with predatory seller financing, in violation of ECOA and Regulation B." Doc. 1 ¶ 188.

- Count II: The USA brought Count II against all Defendants. The claim alleges a violation of the Fair Housing Act ("FHA"). Count II's core allegation is that "Defendants' acts and practices constitute unlawful discrimination, including by targeting Hispanic applicants on the basis of race or national origin with predatory seller financing and exploiting applicants' limited English proficiency, in violation of the FHA." Doc. 1 ¶ 193.

- Count X: The CFPB brought Count X against all Defendants. It alleges a violation of the Consumer Finance Protection Act of 2010 (the "CFPA") based on the alleged violation of ECOA. Doc. 1 ¶ 230. It is thus derivative of Count I.

LOS will be filing a Motion to dismiss all claims against it pursuant to FRCP 12(b)(6); this Motion to Stay is made subject to, and without waiving, the arguments in that motion, which is not yet due to be filed.

## ARGUMENT AND AUTHORITIES

Because the Supreme Court's pending decision in *Community Financial* will directly impact both the CFPB itself and its ability to prosecute the claims it brings here, the CFPB's claims should be stayed pending that decision. Because the claims brought by the USA against LOS arise from the same set of facts and involve the same basic allegation, those claims should be stayed as well.

The power to stay a case "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants*." Landis v. North American Co.,* 299 U.S. 248, 254 (1936). District courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This power is discretionary, based on "the control of [the court's] docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). District courts consider three factors in deciding whether to grant a stay due to pending cases in the Fifth Circuit or the U.S. Supreme Court: "(1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to defendants if the stay is denied; and (3) the judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Coker v. Select Energy Svcs., LLC*, 161 F.Supp.3d 492, 495 (S.D. Tex. 2015), citing *Trahan v. BP, PLC*, No. H-10-3198, 2010 WL 4065602, at *1 (S.D. Tex. Oct. 15, 2010).

This Court has stayed pending cases when the Supreme Court has before it "a case addressing the same legal issue" as in the case to be stayed. *See St. Lucie County Fire Dist. Firefighters' Pension Tr. Fund v. Sw. Energy Co.*, No. 4:16-CV-3569, 2017 WL 3994938 (S.D. Tex. September 5, 2017). And other district courts in the Fifth Circuit have stayed cases in which the CFPB is a party based on the pending *Community Financial* decision. *See, e.g.,* Order, *Consumer Fin. Protection Bureau v. Active Network, LLC*, No. 4:22-CV-00898-ALM (E.D. Tex Nov. 29, 2022) (attached as Ex. A); Order, *Consumer Fin. Protection Bureau v. Populus Fin. Gr., Inc. d/b/a Ace Cash Express*, No. 3:22-CV-01494-K; (N.D. Tex October 31, 2022) (attached as Ex. B).

Balancing the competing interests here, the enumerated factors weigh heavily in favor of a stay. As explained by the CFPB in its Petition for Writ of Certiorari, the 5th Circuit's decision in *Community Financial* has "immense legal and practical significance." The CFPB's very ability to function is at issue in that case, including the validity of all its past actions. This has obvious

**LOAN ORIGINATOR SERVICES' MOTION TO STAY**                                    **PAGE 4**

implications for CFBS's current claims against LOS in this lawsuit. Judicial economy weighs heavily in favor of a stay here.

Given the timing, any perceived prejudice to Plaintiffs will be minimal. The *Community Financial* case has been argued, and an opinion is therefore expected no later than June. This case was recently filed, so a stay would not materially delay the case. On the other hand, Defendant LOS would suffer hardship if its request for stay is denied. It will incur significant legal expenses at the beginning of this case that, if the *Community Financial* holding is affirmed, could presumably be avoided. At a minimum, LOS's defense to the case will necessarily be guided by the eventual Supreme Court opinion.

If the case is not stayed, LOS will move for dismissal of the case based, in part, on the 5th Circuit's decision in *Community Financial*. The CFPB and the United States of America can be expected to oppose such a motion, just as they have argued for reversal of the *Community Financial* decision. Avoiding unnecessary litigation concerning these soon-to-be-settled constitutional issues weighs in favor of a stay.

LOS has conferred with Plaintiffs with respect to the relief sought here. The United States does not agree to a stay of its claims, taking the position that it has independent authority to enforce the FHA and ECOA, so the uncertainty of the CFPB's ability to function has no bearing on its claims. The CFPB has stated that it would agree to a stay, but only if LOS would agree that the United States' claims could proceed in the meantime. Plaintiffs' proposal would result in piecemeal litigation that would further frustrate judicial economy and prejudice LOS.

Plaintiffs' proposed piecemeal approach acknowledges the issue but provides a poor solution. Allowing essentially identical claims to (potentially) proceed in the same lawsuit on different chronological tracks raises a host of practical problems. Among them, Plaintiffs' plan

**LOAN ORIGINATOR SERVICES' MOTION TO STAY**                                        **PAGE 5**

risks subjecting the parties and the Court to double-discovery. Each Plaintiff will presumably seek similar (if not the same) discovery and depositions as to their respective Counts I and II, because the legal theories under both ECOA and FHA (two similar fair lending statutes) are the same. If the Court allows the USA's claims to proceed now but stays the CFPB's claims, and if a few months later the Supreme Court reverses the *Community Financial* decision in a manner that allows the CFPB to function and prosecute its claims, the CFPB would presumably be entitled to re-do the discovery that had previously taken place. It could potentially ask to re-depose witnesses. Under this scenario, LOS and the other Defendants would also face the prospect of beginning their discovery from the CFPB at a later date, depending on the ultimate resolution of *Community Financial*. Any perceived benefit from starting discovery now with respect the USA's claims would evaporate. The piecemeal solution would exacerbate the problems with judicial economy, not solve them.

This is a problem of the Plaintiffs' making. They were aware of *Community Financial* when they chose to file their Complaint in this action; the case had already been argued before the Supreme Court. But this does not need to be a hard problem to solve. The Supreme Court will likely rule by the end of its term, in June. A delay of only a few months would cause Plaintiffs no meaningful harm while preventing a possible procedural morass.

## CONCLUSION AND REQUESTED RELIEF

THEREFORE Defendant Loan Originator Services, LLC respectfully requests that the Court issue an order granting this motion to stay and staying all proceedings in this action until forty-five days after the U.S. Supreme Court issues its opinion in *CFPB v. Cmty. Fin. Servs. Ass'n of Am.,* Case No. 22-448.

Respectfully Submitted,

Robert G. Hargrove
Texas Bar No. 24032391
Southern District No. 2684604
rghargrove@dgclaw.com
Lisa A. Paulson
Texas Bar No. 00784732
Southern District No. 22480
lapaulson@dgclaw.com
DAVIS, GERALD & CREMER, P.C.
515 Congress Avenue, Suite 1510
Austin, Texas 78701
(512) 493-9615
(512) 493-9625 *Facsimile*

By: /s/ Robert G. Hargrove
       Robert G. Hargrove

**ATTORNEYS FOR DEFENDANT
LOAN ORIGINATOR SERVICES, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Plaintiffs regarding the relief sought by way of this Motion, and Plaintiffs are opposed, on the basis described above in the body of this Motion.

By: /s/ Robert G. Hargrove
       Robert G. Hargrove

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of this document on the below-listed counsel of record, using the CM/ECF system on this, the 13th day of February, 2024.

Mellisa A. Carrington
Terrence K. Mangan, Jr.
Jimmy S. McBirney
Hannah C. Abelow
U.S. Department of Justice
150 M. Street, NE
Washington, DC 20530

Elizabeth F. Karpati
Assistant U.S. Attorney
1000 Louisiana, Suite 2300
Houston, TX 77002

**Attorneys for Plaintiff**
**United States of America**

E. Vanessa Assae-Bille
Alexis C. Christensen
Andrea M. Lowe
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552

**Attorneys for Plaintiff**
**Consumer Finance Protection Bureau**

Philip H. Hilder
Q. Tate Williams
Stephanie K. McGuire
Hilder & Associates, P.C.
819 Lovett Boulevard
Houston, TX 77006

Jason Ray
Riggs & Ray, P.C.
3307 Northland Drive, Suite 215
Austin, TX 78731

Christopher D. Hilton
Stone Hilton, PLLC
1115 W. Slaughter Lane
Austin, TX 78748

**Attorneys for Defendants**
**Colony Ridge Development, LLC**
**Colony Ridge BV, LLC**
**Colony Ridge Land, LLC**

By: /s/ Robert G. Hargrove
    Robert G. Hargrove