**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 23-cv-4729 |
| COLONY RIDGE DEVELOPMENT, LLC, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS COLONY RIDGE DEVELOPMENT, LLC, COLONY RIDGE BV, LLC, AND COLONY RIDGE LAND, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Colony Ridge Development, LLC and Colony Ridge BV, LLC (together, "Colony Ridge Development") and Colony Ridge Land, LLC ("Colony Ridge Land") (collectively, "Colony Ridge" or "Defendants") file this Reply in response to Dkt. 56, confirming that claims brought by the Consumer Financial Protection Bureau ("CFPB") and the United States (together, "the Government") must be dismissed. The Government does not dispute that the CFPB's claims cannot proceed under Fifth Circuit precedent rendering those claims subject to dismissal. Moreover, the Government alleges no cognizable violation of federal law, and even if it had, the allegations in the Complaint (Dkt. 1) fail to state a claim.

**ARGUMENT AND AUTHORITIES**

The Complaint fails to state a claim under either the Equal Credit Opportunity Act ("ECOA") or the Fair Housing Act ("FHA"), rendering the Complaint subject to dismissal in its entirety. Colony Ridge Development is not a creditor under ECOA (Dkt. 50 at 12-13); the Government's FHA claim fails because it has not alleged that the bare-lot properties are

"residence[s]" as required by statute (*id.* at 17); and allegations that Defendants somehow violate section 3604(a) of the FHA by "targeting Hispanic applicants" in *extending* them financing, (*e.g.*, Dkt. 1 ¶ 193), facially contradict any plausible inference that any Defendant "ma[de] unavailable or deni[ed]" anything to anyone, 42 U.S.C. § 3604(a); 24 C.F.R. § 100.50(b)(3).

But the Court ultimately need not reach those issues. Under the overlapping legal framework applicable to both statutes, the Government's reverse-redlining theory based on a bare assertion of discriminatory "targeting" is not legally cognizable. Even if it were, the Complaint is also fatally defective because the Government fails to allege anything discriminatory or unfair about the disputed lot loan terms.

## I. The Government Fails to State a Claim Under ECOA or the FHA Because Its Theory of Bare "Targeting" Is Not Cognizable.

The Government's legal theory is not cognizable under ECOA or the FHA. The Government alleges "targeted predatory lending," a so-called "reverse redlining" theory that blames a potential defendant for *extending* credit to a protected class of land buyers. (Dkt. 1 ¶ 154.) Even if a "reverse redlining" theory is cognizable, the Government fails allege that "(1) that [buyers are] member[s] of a protected class; (2) that [each buyer] applied and was qualified for a loan; (3) that the loan was given on grossly unfavorable terms; and (4) that the lender either intentionally targeted [them] for unfair loans or currently makes loans on more favorable terms to other." *Jones v. Caliber Home Loans, Inc.*, No. 18-1023-SDD-EWD, 2019 WL 3366104, at *6 (M.D. La. July 24, 2019). The Complaint thus must be dismissed. *See Montano-Valdez v. Wells Fargo Bank, N.A.*, No. H-13-3078, 2014 WL 69886, at *2 (S.D. Tex. Jan. 8, 2014) (Rosenthal, J.).

The Government's response essentially rehashes its bare contention that Colony Ridge is "targeting" Hispanics. (Dkt. 56 at 6-13.) The Government, however, does not allege that lot buyers (whether Hispanic or not) could have gotten better lot loan terms elsewhere. *See Montano-Valdez*,

2014 WL 69886, at *2 (FHA claim dismissed for failing to "allege any specific facts showing that she qualified for the loan modification she sought, or that others who were similarly situated but outside her protected class received the loan modification she was denied"). Merely alleging that a group of borrowers was "targeted for an onerous loan" is "far too conclusory" to plausibly state a clam for alleged reverse redlining. *Ng v. HSBC Mortg. Corp.*, No. 07-CV-5434, 2010 WL 889256, at *11 (E.D.N.Y. Mar. 10, 2010), *report and recommendation adopted*, *id.* at *4. The Government also concedes that every lot loan applicant was treated equally, without respect to race or national origin, because the lot loans vary only with respect to fixed interest rate based on down payment at time of sale. (Dkt. 1 ¶ 72.) The Government's admission (Dkt. 56 at 9 n.3) that everyone was equally qualified for the lot loans makes it impossible for the Government to now claim buyers were targeted with *discriminatory* loans. *See Jones*, 2019 WL 3366104, at *6.

## II. The Government Alleges Nothing Discriminatory or Unfair About the Lot Loans.

Alternatively, the claims must be dismissed because the Government fails to allege that any credit terms were discriminatory or "grossly unfavorable." *Id.* The Government does not dispute that a borrower's interest rate is controlled solely by the down payment at closing—not by race or national origin. (Dkt. 1 ¶ 72.) Even if taken as true, bare assertions of "targeting Hispanic applicants," (*id.* ¶ 188), do not demonstrate what actions were "taken against [borrowers] as a result of racial . . . discrimination." *Jones*, 2019 WL 3366104, at *6.

Even the Government's own authority would at least require it to identify and allege which loan terms were purportedly "unfair." *Hargraves v. Capital City Mortg. Corp.*, 140 F. Supp. 2d 7, 20 (D.D.C. 2000). Neither the Complaint nor the Response identify any allegedly "unfair" terms. Merely alleging that plaintiffs "were offered terms and conditions less favorable than they 'should have' qualified for" will not suffice. *Woodworth v. Bank of Am., N.A.*, No. CIV. 09-3058-CL, 2011 WL 1540358, at *19 (D. Or. Mar. 23), *report and recommendation adopted sub nom. Woodworth*

*v. Bank of Am.*, No. CIV. 09-3058-CL, 2011 WL 1542514 (D. Or. Apr. 21, 2011). The Government offers "no more than 'formulaic recitation[s] of the elements of a cause of action." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 706-07 (5th Cir. 2017) (citation omitted).

The Government instead relies on legal conclusions about purportedly "predatory" financing. (Dkt. 1 ¶¶ 1, 8, 154, 188, 193.) But the Government "failed to plausibly allege that any aspect of a credit transaction—as opposed to [Colony Ridge]'s allegedly fraudulent [sales] tactics—were discriminatory." *Brook v. Sistema Universitario Ana G. Mendez, Inc.*, No: 8:17-cv-171-T-30AAS, 2017 WL 1743500, at *3 (M.D. Fla. May 4, 2017). Allegedly "failing to assess borrowers' ability to repay" reflects no discrimination against potential buyers, (Dkt. 56 at 9), given that the lot loans were undisputedly offered equal terms to all, (*see* Dkt. 1 ¶¶ 71-72, 74, 78-81; Dkt. 56 at 9 n.3). Even crediting the Government's assertions, (Dkt. 56 at 9), allegedly deceptive "sales tactics" would not render any *financing* terms unlawful. *See Alexander*, 848 F.3d at 706; *Brook*, 2017 WL 1743500, at *3.

The Government alleges that Colony Ridge Land's interest rates—varying solely based on the down payment amount—were "significantly higher than typical prevailing rates," and allegedly resulted in higher default rates. (Dkt. 1 ¶¶ 72-73; Dkt. 56 at 9.) But a bare assertion of "[c]harging interest rates far above prevailing market rates," (Dkt. 56 at 9), does not allege that any lot loan terms were *unlawful*. Further, the Government fails to allege why it believes lot loan rates and home mortgage rates are equivalent. It likewise fails to allege why this single metric would render Defendants' lot loans "unfair *and* predatory," given that the Complaint fails to allege other loan elements like those in *Hargraves*, which included "fraudulent fees and penalties." 140 F. Supp. 2d at 18, 20-21. The claim that Colony Ridge lot loans resulted in an extraordinary default likewise fails because the Government never explains why the "national mortgage loan

delinquency rate" is relevant to lot loans on undeveloped land. (Dkt. 56 at 9.) Unlike the Government's cited cases, there is no allegation that any alleged default rate in this case corresponds to a comparable loan product. *Cf., e.g.*, *Munoz v. Int'l Home Cap. Corp.*, No. C 03-01099 RS, 2004 WL 3086907, at *2 (alleged "bait and switch" between home-loan products); *Matthews v. New Century Mortg. Corp.*, 185 F. Supp. 2d 874, 881 (S.D. Ohio 2002) (alleged "highly inflated" loans to existing homeowners); *Hargraves*, 140 F. Supp. 2d at 18 (alleged "exorbitantly high interest rates" for loans to existing owners). Contrary to the Government's assertion that comparability is a fact question, (Dkt. 56 at 10-11), the Court cannot accept the bare legal conclusion that lot loans and conventional home loans are comparable.

**PRAYER**

The Court should enter a judgment of dismissal on all claims.

Dated: March 19, 2024

Respectfully submitted.


/s/ Christopher D. Hilton
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
**STONE | HILTON PLLC**
1115 W. Slaughter Lane
Austin, TX 78748
(737) 465-3897-telephone
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com

Philip H. Hilder
Texas Bar No. 09620050
Q. Tate Williams
Texas Bar No. 24013760
Stephanie K. McGuire
Texas Bar No. 11100520
**HILDER & ASSOCIATES, P.C.**
819 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
philip@hilderlaw.com
tate@hilderlaw.com
stephanie@hilderlaw.com

Jason Ray
Texas Bar No. 24000511
**RIGGS & RAY P.C.**
3307 Northland Drive, Suite 215
Austin, Texas 78731
(512) 457-9806- telephone
jray@r-alaw.com

***Attorneys for Defendants Colony Ridge Development, LLC, Colony Ridge BV, LLC, and Colony Ridge Land, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of this document on the below-listed counsel of record, using the CM/ECF system on this, the 19th day of March 2024.

Mellisa A. Carrington
Terrence K. Mangan, Jr.
Jimmy S. McBirney
Hannah C. Abelow
**U.S. Department of Justice**
150 M. Street, NE
Washington, DC 20530

Elizabeth F. Karpati
Assistant U.S. Attorney
1000 Louisiana, Suite 2300
Houston, TX 77002

***Attorneys for Plaintiff***
***United States of America***

E. Vanessa Assae-Bille
Alexis C. Christensen
Andrea M. Lowe
**Consumer Financial Protection Bureau**
1700 G Street, NW
Washington, DC 20552

***Attorneys for Plaintiff***
***Consumer Finance Protection Bureau***

Robert G. Hargrove
Lisa A. Paulson
**DAVIS, GERALD & CREMER, P.C.**
515 Congress Avenue, Suite 1510
Austin, Texas 78701

***Attorneys for Defendant***
***Loan Originator Services, LLC***

*/s/ Christopher D. Hilton*
Christopher D. Hilton