# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU and <br><br> UNITED STATES OF AMERICA, <br><br> Plaintiffs, <br><br> v. <br><br> COLONY RIDGE DEVELOPMENT, LLC, d/b/a Terrenos Houston, Terrenos Santa Fe, and Lotes y Ranchos; <br><br> COLONY RIDGE BV, LLC; <br><br> COLONY RIDGE LAND, LLC, formerly d/b/a Terrenos Houston and Lotes y Ranchos; and <br><br> LOAN ORIGINATOR SERVICES, LLC, <br><br> Defendants. | Case No. 23-cv-4729 |

**SUPPLEMENTAL JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

   The Parties, through counsel, conferred by video call on April 10, 2024. E. Vanessa Assae-Bille, Alexis C. Christensen, and Andrea M. Lowe appeared for Plaintiff Consumer Financial Protection Bureau (Bureau). Melissa A. Carrington, Terrence K. Mangan, Jr., Jimmy S. McBirney, Hannah. C. Abelow, and Elizabeth Karpati appeared for plaintiff United States of America (the United States). Jason Ray, Philip Hilder, Chris Hilton, and Stephanie McGuire appeared for Defendants Colony Ridge Development, LLC, Colony Ridge BV, LLC, Colony Ridge Land, LLC. Lisa Paulson appeared for Defendant Loan Originator Services, LLC.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   *State of Texas v. Colony Ridge, Inc.; Colony Ridge Development, LLC; Colony Ridge BV, LLC; Colony Ridge Land, LLC; T-REX Management, Inc.; John Harris; and Houston El Norte Property Owners Association, Inc.*, Case No. 4:24-cv-00941 (S.D. Tex.).

3. **Briefly describe what the case is about.**

   Plaintiffs, the Bureau and the United States, bring this action against Colony Ridge Development, LLC, Colony Ridge BV, LLC, Colony Ridge Land, LLC, and Loan Originator Services, LLC (collectively, Defendants) to stop Defendants' discriminatory targeting of Hispanic consumers with predatory financing and other unlawful conduct as alleged in the Complaint, obtain redress for consumers harmed by Defendants' unlawful conduct, and secure penalties against Defendants, in accordance with the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f; the Fair Housing Act, 42 U.S.C. §§ 3601-3619;

the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5531, 5536; and the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701-1720.

Defendants deny the applicability of the Equal Credit Opportunity Act, the Fair Housing Act, the Consumer Financial Protection Act of 2010, and the Interstate Land Sales Full Disclosure Act, and further deny Plaintiffs' allegations of predatory financing, unlawful conduct, and consumer harm.

4. **Specify the allegations of federal jurisdiction.**

    Plaintiffs allege that this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, 12 U.S.C. § 5565(a)(1), 15 U.S.C. § 1691e(h), and 42 U.S.C. § 3614(a), because the action arises under the laws of the United States, and the United States and an agency of the United States bring this case as plaintiffs. Plaintiffs further allege that venue is proper in this district under 12 U.S.C. § 5564(f) because Defendants are located, reside, or do business in this District, and 28 U.S.C. § 1391 because Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District. Plaintiffs also allege that this Court has authority to issue injunctive relief and monetary relief as requested by Plaintiffs under 42 U.S.C. § 3614(d)(1)(B); 15 U.S.C. §§ 1691c(a)(9), 1691e(h); 12 U.S.C. § 5565(a); and 15 U.S.C. §§ 1714, 1717. Plaintiffs further allege this Court also has authority to award civil-money penalties in an amount authorized by 12 U.S.C. § 5565(c) and 42 U.S.C. § 3614(d)(1)(C).

5. **Name the parties who disagree and the reasons.**

    None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Plaintiffs' and Defendants' investigation of additional parties to be added continues.

   Plaintiffs request an August 28, 2024, deadline to add additional parties.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   No. The Parties request that the parties exchange initial disclosures electronically on or before July 19, 2024.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

    Rule 26(f)(1)-(2): the Parties have conferred.

    Rule 26(f)(3):

    1. The Parties have agreed to make initial disclosures as set forth in Item 9, above.

    2. Plaintiffs anticipate seeking discovery regarding Defendants' business practices, including all lot-sale and loan-related information and information about all foreclosures; Defendants' ILSA-related disclosures and registration history; and Defendants' profits and finances. Defendants anticipate taking discovery from Plaintiffs and any third parties regarding the nature and basis of their allegations against Defendants, as well as the propriety of any proposed relief or remedies. The parties do not request discovery be phased.

3. With respect to electronically stored information, Plaintiffs have proposed that the parties agree to, and that the Court adopt, the Stipulation and Order Regarding Discovery that Plaintiffs filed as an exhibit to the Parties' Case Management Plan on April 16, 2024. ECF 66-1. Plaintiffs initially provided Defendants with that Stipulation and Order Regarding Discovery on April 9, 2024, in advance of the Parties' April 10, 2024, Rule 26(f) conference. Defendants indicated in the Parties' Joint Discovery and Case Management Plan that they "declined to agree to any stipulation regarding discovery at this time and propose that, in the event that the production of significant volumes of electronically stored information ('ESI') becomes necessary, the parties shall meet and confer in good faith regarding a protocol for the production of ESI and submit to the Court a joint motion and proposed order governing such production, with the parties reserving all rights and objections." ECF 66 at 6. On June 7, 2024, Defendants proposed an entirely different ESI Order in lieu of the Stipulation and Order Regarding Discovery that Plaintiffs had proposed. On June 13, 2024, Plaintiffs again requested that Defendants agree to the Stipulation and Order Regarding Discovery, and Defendants declined. Defendants contend that they have proposed clearer, more technologically current, and more comprehensive standards to Plaintiffs for the production of electronic information, but Defendants have not received any proposed revisions or comment regarding those standards from Plaintiffs.

4. With respect to claims of privilege or protection of trial-preparation materials, Plaintiffs have proposed that the parties agree to, and that the Court adopt, the

provisions governing claims of privilege or protection of trial-preparation materials contained in the Stipulation and Order Regarding Discovery. Defendants decline to agree to the timelines and standards set out in the Stipulation and Order Regarding Discovery, and propose that the Parties agree to meet and confer in good faith regarding the timeline and standards regarding assertion of claims of privilege or protection of trial-preparation materials.

5. Given that this is a complex, multi-party case, Plaintiffs anticipate that they may seek to take depositions in excess of the 10 otherwise allowed by Rule 30(a)(1)(2) and to extend the limitation on the duration of depositions under Rule 30(d) of certain witnesses.

6. Plaintiffs have proposed that the Parties agree to, and that the Court adopt, the Agreed Stipulated Confidentiality Order that Plaintiffs filed as an exhibit to the Parties' Case Management Plan on April 16, 2024, which adopts the Court's standard order with provisions added to address the circumstances of this case. ECF 66-2. Plaintiffs initially provided Defendants with a draft Agreed Stipulated Confidentiality Order on April 9, 2024, in advance of the parties' April 10, 2024 Rule 26(f) conference. Defendants indicated in the Parties' Joint Discovery and Case Management Plan that they "decline[d] to agree to any stipulated confidentiality order at this time, and propose[d] that the parties may expand the limitations on discovery . . . either by agreement or . . . by motion to the Court." ECF 66 at 6. The parties then continued to negotiate the terms of the Confidentiality Order over the following two months, during which time Defendants refused to provide complete responses

to Plaintiffs' pending discovery requests on the ground that there was not a Confidentiality Order in place. The Parties reached agreement on the terms of an Agreed Stipulated Confidentiality Order on June 7, 2024. However, Defendants refuse to execute the Stipulated Confidentiality Order until the plaintiff in *State of Texas v. Colony Ridge, et. al.*, Case No. 4:24-CV-00941, agrees to execute an identical confidentiality order. Defendants have not identified any actual or potential differences in the respective confidentiality orders that would prejudice Defendants or necessitate a delay in this case. Plaintiffs have therefore filed an opposed motion for entry of the Confidentiality Order. ECF 79. Plaintiffs have also filed an opposed motion for entry of a separate protective order regarding immigration status. ECF 78. Defendants contend that they have at all times been willing to enter into the Court's standard form protective order, and that Plaintiffs' insistence on certain modifications to the Court's form order has necessitated the negotiations outlined by Plaintiffs above. Nonetheless, Defendants anticipate that an agreed form of Protective Order will be able to be presented to the Court at the June 28 status conference. In addition, and contrary to the Plaintiffs' assertion above, the Colony Ridge Defendant group does not demand that the State of Texas agree "to execute an identical confidentiality order."  To the contrary, the Colony Ridge Defendants seek a protective order that generally parallel across these cases, so that discovery efforts can be streamlined and costs are not duplicated due to different and inconsistent protective order requirements.

B. **When and to whom the plaintiffs anticipate they may send interrogatories.**

Plaintiff United States served its first sets of interrogatories on Defendants on March 7, 2024. Plaintiff CFPB served its first sets of interrogatories on Defendants on April 25, 2024. Plaintiffs anticipate serving additional interrogatories after Defendants provide responses to the currently pending discovery requests. .

C. **When and to whom the defendant anticipates it may send interrogatories.**

Some Defendants anticipate sending interrogatories to the Plaintiffs in the near future.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate deposing each Defendant pursuant to Rule 30(b)(6). Plaintiffs also anticipate taking the depositions of John Harris, William "Trey" Harris, III, and Kevin Harris, all of whom are principals associated with the Colony Ridge Defendants, as well as Gayle Campbell, the managing member of Defendant Loan Originator Services, LLC. Plaintiffs further anticipate deposing current and former agents or employees of Defendants and other third parties with knowledge of Defendants' practices, as well as additional witnesses whose identity and knowledge of events may be disclosed in the course of discovery. Plaintiffs anticipate completing these depositions on dates agreed on by all Parties, but in any event before the discovery deadline set by this Court.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking the oral depositions of certain persons identified by Plaintiffs as having relevant information as well as any experts designated by Plaintiffs. Defendants may also take the oral depositions of other witnesses who

are determined to have potentially relevant information during the course of discovery, including depositions of third parties.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The parties propose that Plaintiffs (or the party with the burden of proof on an issue) designate their experts and provide required reports by March 21, 2025; that Defendants (or the party without the burden of proof on an issue) designate their experts and provide required reports by April 21, 2025; and that Plaintiffs (or the party with the burden of proof on an issue) provide rebuttal expert reports, if any, by May 21, 2025.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiffs intend to depose any experts designated by Defendants and will complete those depositions before the close of discovery.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)**

Defendants intend to depose any experts designated by Plaintiffs and will complete those depositions before the close of discovery.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

None.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Plaintiff United States has issued interrogatories and requests for production to all Defendants. Plaintiff Consumer Financial Protection Bureau has also issued requests for

admission, interrogatories, and requests for production to the Colony Ridge Defendants, and requests for production to Defendant LOS. Plaintiffs have issued multiple third-party subpoenas pursuant to Federal Rule of Civil Procedure 45. Defendants have not issued any discovery requests or subpoenas to date. Defendants anticipate issuing their first set of written discovery to Plaintiffs shortly prior to the June 28 status conference.

13. **State the date the planned discovery can be reasonably completed.**

    The parties submit that discovery can be completed by June 27, 2025.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    See Response to No. 15 below.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The Parties met in January, 2024, and Plaintiffs met separately with Colony Ridge Development, LLC, Colony Ridge BV, LLC, Colony Ridge Land, LLC again in March, 2024, to open a dialogue around settlement. While no resolution was reached, both meetings were productive and the Parties intend to continue discussing possible avenues for resolving this case.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The Parties have conferred and do not consider the case suitable for reference to binding arbitration. The Parties are amenable to private mediation at the appropriate time.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties do not consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    A jury demand was timely filed.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiffs anticipate needing approximately 40-50 hours to present their case.

    Defendants believe it is too premature to specify accurately the number of hours it will take to present the evidence, but Defendants roughly estimate that they will require an additional 60-70 hours to present their case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    A.  Motion to Withdraw Motion to Stay Proceedings by Colony Ridge Development LLC, Colony Ridge Land, LLC, and Colony Ridge BV, LLC;

    B.  Motion to Stay Proceedings by Loan Originator Services, LLC. Defendant Loan Originator Services, LLC believes that this Motion is now moot and no longer seeks a ruling on it; Plaintiffs concur that the motion should be denied as moot.

    C.  Plaintiffs' Motion for Protective Order Regarding Immigration Status;

    D.  Plaintiffs' Motion for Confidentiality Order.

21. **List other motions pending.**

    A. Motion to Dismiss by Colony Ridge Development LLC, Colony Ridge Land, LLC, and Colony Ridge BV, LLC; and

    B. Motion to Dismiss by Loan Originator Services, LLC.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    The parties will likely require Spanish translation services at trial for some witnesses.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

As required, Plaintiffs filed their Disclosure of Interested Parties on January 5, 2024. Defendants Colony Ridge BV, LLC, Colony Ridge Development, LLC, and Colony Ridge Land, LLC separately filed Disclosure Statements on February 6, 2024. Defendant Loan Originator Services filed its Disclosure Statement on February 7, 2024.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Counsel for Plaintiff United States of America:**

MELISSA A. CARRINGTON
Attorney-in-Charge; *pro hac vice*
IA Bar No. 13033

TERRENCE K. MANGAN, JR.
*pro hac vice*
MD Bar No. 2006010006

JIMMY S. MCBIRNEY
*pro hac vice*
NY Bar No. 4798799

HANNAH C. ABELOW
*pro hac vice*
NY Bar No. 5931464

Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
150 M Street, NE
Washington, DC 20530
Tel: (202) 514-4713
Fax: (202) 514-1116
Email: melissa.carrington2@usdoj.gov
    terrence.mangan2@usdoj.gov
    jimmy.mcbirney@usdoj.gov
    hannah.abelow@usdoj.gov

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

Elizabeth F. Karpati
Assistant United States Attorney
SBN: 00794069
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9767
Elizabeth.Karpati@usdoj.gov

**Counsel for Plaintiff Consumer Financial Protection Bureau:**

E. VANESSA ASSAE-BILLE
Attorney-in-Charge; *pro hac vice*
NY Bar No. 5165501

ALEXIS C. CHRISTENSEN
*pro hac vice*
DC Bar No. 1723838

ANDREA M. LOWE
*pro hac vice*
DC Bar No. 187250

Office of Enforcement
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Tel: (202) 435-7000
Fax: (202) 435-7722
Email: elisabeth.assae-bille@cfpb.gov
          alexis.christensen@cfpb.gov
          andrea.lowe@cfpb.gov

**Counsel for Defendants Colony Ridge Development, LLC, Colony Ridge BV, LLC, and Colony Ridge Land, LLC:**

Philip H. Hilder
Texas Bar No. 09620050
Q. Tate Williams
Texas Bar No. 24013760
Stephanie K. McGuire
Texas Bar No. 11100520
**HILDER & ASSOCIATES, P.C.**
819 Lovett Blvd.

Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
philip@hilderlaw.com
tate@hilderlaw.com
stephanie@hilderlaw.com

Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
Alexander M. Dvorscak
Texas Bar No. 24120461
Michael R. Abrams
Texas Bar No. 2487072
**STONE | HILTON PLLC**
1115 W. Slaughter Lane
Austin, TX 78748
(737) 465-3897-telephone
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com

Jason Ray
Texas Bar No. 24000511
**RIGGS & RAY P.C.**
3307 Northland Drive, Suite 215
Austin, Texas 78731
(512) 457-9806- telephone
jray@r-alaw.com

**Counsel for Defendant Loan Originator Services, LLC:**

Robert G. Hargrove
Texas Bar No. 24032391
Southern District No. 2684604
rghargrove@dgclaw.com
Lisa A. Paulson
Texas Bar No. 00784732
Southern District No. 22480
lapaulson@dgclaw.com
**DAVIS, GERALD & CREMER, P.C.**
515 Congress Avenue, Suite 1510
Austin, Texas 78701
(512) 493-9615

(512) 493-9625 Facsimile

Troy Garris
Texas Bar No. 24007226
GARRIS HORN LLP
325 N. Saint Paul St., Suite 3100
Dallas, Texas 75201
(301) 461-8952

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2024, I filed the foregoing with the CM/ECF system, which sent electronic notice to all counsel of record.

*s/ Jimmy S. McBirney*

Jimmy S. McBirney
*Counsel for Plaintiff United States of America*

United States District Court
Southern District of Texas
**ENTERED**
December 21, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**CIVIL ACTION NO. 4:23−cv−04729
Consumer Financial Protection Bureau v. Colony Ridge Development, LLC et al**

ORDER FOR CONFERENCE AND
DISCLOSURE OF INTERESTED PARTIES

1. Counsel and all parties appearing *pro se* shall appear for an initial pretrial and scheduling conference before

   JUDGE ALFRED H. BENNETT
   on April 26, 2024 at 09:30 AM
   at United States Courthouse
   Courtroom 9A, 9th Floor
   515 Rusk Avenue
   Houston, Texas 77002

2. Counsel shall file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3. After the parties confer (in person or by telephone) as required by FED. R. CIV. P. 26(f), counsel and all parties appearing *pro se* shall prepare and file not less than 10 days before the conference a joint discovery/case management plan containing the information as required by FED. R. CIV. P. 26(f) using the form available at http://www.txs.uscourts.gov/sites/txs/files/ahb_jdcmp.pdf.

4. Counsel will complete the attached proposed scheduling order and file it with the joint discovery/case management plan. The court will sign the agreed scheduling order and may rule on any pending motions at the conference.

5. Counsel and all parties appearing *pro se* who file or remove an action must serve a copy of this order with the summons and complaint or with the notice of removal.

6. Attendance by an attorney who has authority to bind each represented party is required at the conference.

7. Counsel and all parties appearing *pro se* shall discuss whether alternative dispute resolution is appropriate and at the conference advise the court of the results of their discussions.

8. FED. R. CIV. P. 4(m) requires defendant(s) to be served within 90 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 90 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

9. Counsel will deliver to chambers copies of all instruments filed under seal regardless of their length.

10. Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

<b>By Order of the Court</b>

**Court Procedures:** Information on the court's practices and procedures and how to reach court personnel may be obtained at the Clerk's website at www.txs.uscourts.gov or from the intake desk of the Clerk's office.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Consumer Financial Protection Bureau, et al. §
§
*versus* § Civil Action 4:23−cv−04729
§
Colony Ridge Development, LLC, et al. §

**PROPOSED**
**<u>SCHEDULING ORDER</u>**

1. __August 28, 2024__ **AMENDMENTS TO PLEADINGS AND ADDITION OF NEW PARTIES**
Party requesting joinder will furnish a copy of this scheduling order to new parties.

2a. __March 21, 2025__ **EXPERTS**
Plaintiff, or party with the burden of proof, will designate expert witnesses in writing, listing the qualifications of each expert, the opinions the expert will present, and the bases for the opinions as required under Federal Rule of Civil Procedure 26(A)(2).

2b. __April 21, 2025__ Defendant, or party without the burden of proof, will designate expert witnesses in writing, listing the qualifications of each expert, the opinions the expert will present, and the bases for the opinions as required under Federal Rule of Civil Procedure 26(A)(2).

3. __June 27, 2025__ **DISCOVERY**
Counsel may, by agreement continue discovery beyond the deadline. No continuance will be granted because of information acquired in post−deadline discovery.

4. __August 29, 2025__ **MOTIONS DEADLINE**
Including any motion challenging an expert witness (only motions in limine on issues other than experts may be filed after this date). The motion deadline may <u>not</u> be changed by agreement.

**JOINT PRETRIAL ORDER**

| | | |
|---|---|---|
| 5a. | <u>To be determined by the Court.</u> | **THE DEFENDANT** shall supply the Plaintiff with a final version of its pretrial order by this date. (Where available, Defendant should supply Plaintiff with an electronic copy.) |
| 5b. | <u>To be determined by the Court.</u> | **THE PLAINTIFF** is responsible for filing the pretrial order on this date. All Motions in Limine must also be filed by this date. |
| 6. | <u>To be determined by the Court.</u> | **DOCKET CALL** is set at 1:30 p.m. in Courtroom 9A. |
| 7. | <u>To be determined by the Court.</u> | **TRIAL** is set at 9:00 a.m. in Courtroom 9A. Case is subject to being called to trial on short notice during the two week period beginning on this date. |

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on _____, at Houston, Texas.

_____
Alfred H. Bennett
United States District Judge