United States District Court
Southern District of Texas

**ENTERED**
July 11, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU and <br><br> UNITED STATES OF AMERICA, <br><br> Plaintiffs, <br><br> v. <br><br> COLONY RIDGE DEVELOPMENT, LLC, d/b/a Terrenos Houston, Terrenos Santa Fe, and Lotes y Ranchos; <br><br> COLONY RIDGE BV, LLC; <br><br> COLONY RIDGE LAND, LLC, formerly d/b/a Terrenos Houston and Lotes y Ranchos; and <br><br> LOAN ORIGINATOR SERVICES, LLC, <br><br> Defendants. | Civil Action No. 4:23-cv-4729 <br><br> Judge Alfred H. Bennett |

## AGREED STIPULATED CONFIDENTIALITY ORDER

WHEREAS, it is anticipated that the Parties to this lawsuit will be producing documents and supplying information, which a Party may regard as proprietary or otherwise confidential, during the discovery phase of this action;

WHEREAS, it is also anticipated that court filings in this matter will include references to documents or information that a Party may regard as proprietary or otherwise confidential;

WHEREAS, it is further anticipated that deposition testimony will include references to documents or information that a Party may regard as proprietary or otherwise confidential;

WHEREAS, the Parties desire to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of this action;

NOW THEREFORE, IT IS HEREBY stipulated and made an Order of the Court that—until this Stipulated Confidentiality Order is amended or superseded—all Parties and their agents, including their employees and counsel, who are provided with Confidential Information (as defined below) shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this action.

**A.  Scope**

1. This Order governs all documents and information produced after the date of this Order by any Party or Non-Party to this action, whether produced informally or pursuant to a formal discovery request, and shall include all documents or information revealed during a deposition, in any answer to an interrogatory or request for admission, or otherwise disclosed via discovery.

2. Nothing in this Order precludes any Party from seeking relief from the Court regarding the production of documents or information.

3. This Order does not alter any confidentiality obligations that a Party may have at law or under another agreement, or any statutory or regulatory mandate of the Consumer Financial Protection Bureau (CFPB) and United States of America (United States) to share confidential information; provided, however, that the recipient shall be advised of and receive a copy of this Protective Order's terms and maintain the confidentiality of the Protected Material in a manner consistent with this Order unless otherwise authorized.

4. Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing Party that any document, testimony, or other information designated as "Confidential" or "Confidential—Attorneys' Eyes Only" (as those phrases are defined below) constitutes proprietary information, is a trade secret, or is in fact confidential.

5. **Freedom of Information Act.** If either the CFBP or United States ("Plaintiffs") determine that Confidential Information is required to be produced under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, then Plaintiffs shall provide the Producing Party with written notification at least fourteen (14) days prior to the production of such Confidential Information.

### B. Confidential Information

1. This action is likely to involve the exchange of non-publicly available documents and other information of a sensitive, confidential, or proprietary nature, including financial records that may contain confidential and personally identifiable information ("PII"),[1] including but not limited to: social security numbers, individual taxpayer identification numbers, driver license numbers, passport numbers, other government-issued ID numbers, bank account numbers, credit card numbers, personal telephone numbers, personal addresses, personal e-mail addresses, and unique loan identifiers. Special protection from public disclosure is warranted for these documents and other information.

2. Materials containing sensitive information may be designated as "Confidential" or as "Confidential—Attorneys' Eyes Only." The producing party will make such a designation only for those documents or discovery responses that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or otherwise sensitive information. Materials so

---

[1] Office of Management and Budget (OMB) Memorandum M-17-12, Preparing for and Responding to a Breach of Personally Identifiable Information, January 3, 2017 (OMB M-17-12), defines PII as "information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual. Because there are many different types of information that can be used to distinguish or trace an individual's identity, the term PII is necessarily broad. To determine whether information is PII, the [entity or individual] . . . shall perform an assessment of the specific risk that an individual can be identified using the information with other information that is linked or linkable to the individual. In performing this assessment, it is important to recognize that information that is not PII can become PII whenever additional information becomes available -in any medium or from any source -that would make it possible to identify an individual."

3

designated are referred to herein as "Confidential Information." Information or documents that are available to the public may not be designated as Confidential Information.

3. Documents shall be designated as Confidential Information by marking or stamping each page of any such document as "Confidential" or "Confidential—Attorneys' Eyes Only," or otherwise identifying such documents by Bates production numbers or other unequivocal identifier in writing to each Party receiving the Confidential Information. In lieu of marking the originals of documents, any Party may mark the copies of such documents that are produced or exchanged.

4. **Deposition Testimony**. With respect to deposition testimony that constitutes or references Confidential Information, confidential portions of the transcript may be designated as such on the record at the time the testimony is given, and additional portions of the testimony may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" within fourteen (14) days of receipt of the transcript. Until the fourteen-day period expires, the entire transcript shall be treated as Confidential Information if any portions had been so designated on the record. Additionally, in any deposition in which documents designated as containing Confidential Information are marked as exhibits, shown to the deponent, or otherwise employed, those documents shall be considered confidential and subject to the provisions of this Order.

5. **Responses to Interrogatories and Requests for Admission.** The Parties shall designate Confidential Information contained in any response to an interrogatory or request for admission by placing within the answer or response: "The following response is 'Confidential Information – Subject to Protective Order.'"

6. **Documents or Information Obtained from Non-Parties.** A Non-Party may designate documents or information they produce as Confidential Information. Any documents or information produced by a Non-Party without a Confidential designation shall

nevertheless be treated as Confidential Information for thirty (30) days to allow the Parties to review the material for Confidential Information. If a Party believes that the Non-Party's documents or information contains Confidential Information, the Party may designate the documents or information as Confidential Information within thirty (30) days after receiving the documents or information. Any documents or information produced by a Non-Party that is not designated as Confidential Information either by the Non-Party at production or by a Party within the thirty (30) day period will not be treated as Confidential Information.

### C. Treatment of Confidential Information

1. Except as otherwise provided in this Order or subsequent court rulings, documents designated as "Confidential" shall not be disclosed or shown to anyone other than:

   (a) The Parties, their employees and contractors, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

   (b) Outside counsel for the Parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

   (c) In-house counsel for the Parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

   (d) Persons employed by any Party or by counsel solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that

        Confidential Information be shown for purposes of assisting in such preparation;

(e)     The Court, any court with appellate jurisdiction, persons employed by the Court, including the jury;

(f)     Duly qualified court reporters and videographers participating in these proceedings;

(g)     Persons who were the authors or recipients of the documents in the ordinary course of business;

(h)     Witnesses or prospective witnesses and their counsel in preparation for or in the course of depositions or the trial of this matter; and

(i)     Persons who, in addition to those identified above, are permitted access by either order of the Court or stipulation.

2.     Confidential Information shall be used by the Receiving Party solely for the prosecution or defense of this litigation or as required by statute or regulation and only as provided in this Stipulated Confidentiality Order. Confidential Information shall not be used or employed for any other action, proceeding, or purpose whatsoever.

3.     Before disclosing Confidential Information to any third party or Non-Party pursuant to this Order, except as required by statute or regulation, the disclosing Party must provide at least fourteen (14) day prior written notice to the producing Party or any other Party designating the information as Confidential Information. Such disclosure shall not be made until; (1) such Party consents to the disclosure; (2) fourteen (14) days pass without an objection from the producing or designating Party; or (3) the Court resolves any objections to the disclosure, whichever is earlier. Any objections to such disclosure shall be made in writing to the Court within

fourteen (14) days of receipt of the notice. If an objection is not made within the fourteen (14) day period, then the objection is waived.

4. Notwithstanding anything to the contrary in the foregoing paragraphs, any Party may use without restriction:

    (a)     its own documents or information; and

    (b)     documents or information developed or obtained by a receiving party independently of discovery in this action.

5. Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulated Confidentiality Order. To the extent such person is neither a party nor employed by a party, such person shall sign an agreement to be bound by this Order before any Confidential Information is disclosed.

6. No Confidential Information shall be filed with the Court or used in a hearing unless the Party seeking to file or use the Confidential Information has provided, at least seven (7) days before the filing or hearing, written notice to all parties and any person designating the information as Confidential Information. This pre-filing notice shall identify the specific information that the Party intends to file or use. Any objections to such filing or use shall be made in writing to the Court within the seven-day period with a request for an expedited hearing. If objections are lodged, the Confidential Information must not be filed or used until further instruction from the Court, unless the information is filed pursuant to the Court's procedures for filing documents under seal.

7. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver of a Party's claim of confidentiality, either as to the specific information disclosed or as to

any other information relating thereto on the same or related subject matter if, within ten (10) days of discovering the inadvertent failure to designate the material as confidential, the person or entity that provided the Confidential Information identifies the material produced and amends the designation.

8. Within ninety (90) days of the Parties' compliance with the settlement or final adjudication, including appeals, in this action, all Confidential Information supplied by the Parties and non-parties and all copies thereof shall, upon request, be certified to have been destroyed or deleted. However, it is understood that each Party may retain a complete file of all litigation documents filed with the Court in these actions and that work product in the possession or control of counsel for any Party that reflects or includes information derived from documents or testimony designated as Confidential will not be destroyed or deleted.

9. Any dispute concerning the application of this Stipulated Confidentiality Order shall be heard by the Court upon motion by the objecting party. Any violation of this Stipulated Confidentiality Order may result in sanctions and costs.

### D. Challenges to Designated Information

1. If a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge informally and in good faith. The Receiving Party must provide written notice of the challenge and the grounds therefore to the Designating Party, who must respond in writing to the challenge within fifteen (15) days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the Parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the

designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

### E. Confidential Information Subpoenaed or Ordered Produced in Other Litigation

1. If a Party is served by a subpoena or a court order or other legal process, including discovery requests, issued in other litigation that compels disclosure of another Party's Confidential Information in this Action, the Party receiving the subpoena must:

   (a) promptly notify the Designating Party in writing, and include with the notice a copy of the subpoena, court order or other legal process;

   (b) promptly provide written notice and a copy of this Order to the party who issued the subpoena, order, or legal process in the other litigation that some or all of the material covered by the subpoena, order, or other legal process is subject to this Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

2. If the Designating Party timely seeks a protective order in the other litigation, the Party served with the subpoena, court order, or other legal process shall not produce any materials designated as Confidential Information in this action before a determination is made by the court that issued the subpoena, order, or other legal process, unless the party obtains the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its confidential material in the court of the other litigation. Further, nothing in these provisions should be construed as authorizing or encouraging a Party in this action to disobey a lawful directive from another court.

### F. Non-Party's Confidential Information Sought for Production in this Action

1. This Order applies to information produced by a Non-Party in this action and designated as "Confidential" or "Confidential—Attorneys' Eyes Only." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2. If a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Party shall promptly:

    (a) notify the Requesting Party and Non-Party, in writing, that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (b) provide the Non-Party with a copy this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (c) make the information requested available for inspection by the Non-Party;

3. If the Non-Party fails to object or request confidential designation pursuant to this Order, or to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination is made by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Confidential Information.

### G. Applicability to Parties Later Joined

1. Persons that later become parties to this lawsuit shall not be given access to any Confidential Information until they execute and file with the Court their agreement to be bound by the provisions of this Order.

Stipulated to and Agreed to by:

| | |
|---|---|
| July 8, 2024 | /s/ E. Vanessa Assae-Bille |
| Date | Counsel for Plaintiff Consumer Financial Protection Bureau |
| July 8, 2024 | *Melissa Carrington* |
| Date | Counsel for Plaintiff United States of America |
| July 8, 2024 | |
| Date | Counsel for Defendants Colony Ridge Development, LLC, Colony Ridge BV, LLC, and Colony Ridge Land, LLC |
| 7/8/2024 | |
| Date | Counsel for Defendant Loan Originator Services, LLC |

It is so ORDERED.

JUL 1 1 2024
Date

The Honorable Alfred H. Bennett
United States District Judge

11