UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al., ) ) ) Plaintiffs, ) ) v. ) ) COLONY RIDGE DEVELOPMENT, LLC, et al., ) ) Defendants. ) ) | Case No. 4:23-cv-4729 |

**COLONY RIDGE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

The government does not cite any controlling legal authority—in this Circuit or outside it—that recognizes reverse redlining as a cognizable theory of liability under the ECOA or the FHA. This threshold legal question, which affects proceedings brought by private litigants and governmental entities across the country, warrants immediate appellate review. Colony Ridge has met each of § 1292's requirements, and the Court should certify that its order is appropriate for permissive interlocutory appeal.

**ARGUMENT AND AUTHORITIES**

**I.  The order meets § 1292(b)'s standards.**

The government begins its response by referencing Fifth Circuit precedent describing interlocutory appeals under § 1292 as "exceptional." Resp. 1 (citing *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). In context, the Fifth Circuit was simply noting that satisfying § 1292's standard is difficult in the mine-run of cases. *Basic Const. Co.*, 702 F.2d at 69. But this is far from a typical case, as the government itself has touted, Mot. 1 n.1, and as the Court remarked when it heard Colony Ridge's motion to dismiss, Hrg. Trans. 66:13-17.

1

## A. The order involves a controlling question of law.

An issue is controlling for purposes of § 1292 if it "has 'potential to have some impact on the course of the litigation.'" *La. State Conf. of Nat'l Ass'n for the Advancement of Colored People v. Louisiana*, 495 F. Supp. 3d 400, 413 (M.D. La. 2020) (citation omitted); *see also Pennsylvania v. Navient Corp.*, No. 3:17-cv-1814, 2019 WL 1052014, at *2 (M.D. Pa. Mar. 5, 2019) (issue is controlling if it is "serious to the conduct of the litigation in a practical or legal sense") (citation omitted). The order's recognition of reverse redlining under the ECOA and the FHA more than meets that standard. As Colony Ridge explained (at 3-4), and as the government's response does not dispute, the government's FHA and ECOA claims fail if reverse redlining is not a cognizable theory for relief. The dismissal of those claims would have at least "some impact" on the litigation, and the government barely tries to show otherwise. *La. State Conf.*, 495 F. Supp. 3d at 413.

The government insists that the reverse-redlining question is not controlling because the "Bureau brought eight additional claims (CFPA and ILSA Claims) that survived the Colony Ridge Defendants' motion to dismiss and are not dependent on whether Plaintiffs' FHA and ECOA claims are cognizable." Resp. 4. But this contention ignores the substance of the government's claims. The government relies on two overarching theories: first, that Colony Ridge unlawfully discriminated against Hispanic consumers, *e.g.*, Compl. ¶¶ 194-97, and second, that Colony Ridge engaged in business practices in violation of consumer protection laws, *e.g.*, *id.* ¶¶ 198-201. A successful appeal here would excise one of the government's two core theories from this proceeding. For purposes of § 1292, that is more than enough.

## B. There are substantial grounds for difference of opinion.

Colony Ridge's motion raises "novel and difficult questions" of statutory interpretation that warrant immediate review. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citation

omitted). A "reverse redlining" theory blames a potential defendant for *extending*, rather than denying, credit to a protected class of land buyers. *See* Order on MTD at 11 (stating that a reverse redlining claimant must demonstrate "that the lender either intentionally targeted [him] for unfair loans or currently makes loans on more favorable terms to others") (cleaned up). Neither the Supreme Court nor the Fifth Circuit has ever recognized such a claim. There are substantial grounds for differing opinions as to whether "predatory targeting" constitutes "differential treatment" within the meaning of either statute. Mot. 6.

In response, the government relies on a tranche of district court authority that does not grapple with the text of the ECOA or the FHA, and in some instances, does not even address the viability of reverse redlining claims at all. *E.g.*, *Horne v. Harbour Portfolio VI, LP*, 304 F. Supp. 3d 1332, 1342-43 (N.D. Ga. 2018); *United States v. Silva*, No. A-05-CA-710-LY, 2008 WL 11405958, at *1-2 (W.D. Tex. July 17, 2008). Some of the government's precedent even recognizes the dearth of on-point authority from circuit courts. *E.g.*, *Matthews v. New Century Mortg. Corp.*, 185 F. Supp. 2d 874, 886 (S.D. Ohio 2002). And the government's invocation of *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698 (5th Cir. 2017), is likewise unhelpful. *Alexander* was no reverse redlining case; there the loan applicants alleged they received "less favorable terms" because the defendants failed to consider their Section 8 income. *Id.* at 709. The government does not allege "less favorable terms" that consumers received from Colony Ridge.

The government separately asserts that "intentionally targeting a protected class with predatory loans and lending practices does involve treating them differently—and worse than—others." Resp. 8. The government does not explain how this "intentional[] targeting" falls within the ambit of either statute. At one point, the government suggests that Colony Ridge has discriminated in the "terms and conditions" of its products, Resp. 9 n.5, but this makes little sense;

3

the government has conceded elsewhere that consumers are offered a fixed interest rate based solely on the amount of the consumer's down payment, Compl. ¶ 72. In other words, all consumers receive the same terms and conditions regardless of race or national origin.

Colony Ridge also pointed out the troubling consequences of the government's theory—for instance, that in a future case, the government could use this very targeting theory to sue a nontraditional lender aimed at serving underrepresented minorities. Mot. 6. The government protests (at 9) that this is a straw man because the statute prohibits only *predatory* targeting. This contention only raises more questions. Are all subprime and nontraditional loan products inherently predatory? Is it illegal for a nontraditional lender in a minority neighborhood to offer loans with terms designed to account for borrower risk? The government does not say.

The government's unmoored "I know it when I see it" approach fits hand in glove with its reading of the statute, which does not by its terms restrict "predatory" targeting, but rather differential treatment. Either intentionally targeting a group is prohibited differential treatment, *Murray v. UBS Securities, LLC*, 601 U.S. 23, 34 (2024), or it is not. Otherwise, the ECOA and the FHA would leave it to government's unbridled discretion to divine when the provision of services to a minority community transforms into "predatory" conduct that constitutes unlawful discrimination. Nothing in the ECOA or the FHA supports the distinction the government has attempted to draw. The government's discrimination theory is especially problematic because the government *already* has a wealth of options to target businesses that it worries have engaged in predatory business practices. Indeed, the government is pursuing those very claims in this case. *E.g.*, Compl. ¶¶ 198-201. For all these reasons, reasonable jurists could disagree about whether the ECOA and the FHA support a claim for "predatory targeting."

C. **An immediate appeal would materially advance the litigation.**

Allowing an appeal at this juncture would materially advance this litigation. As the

4

government even notes (at 4), the requirement that an appeal under § 1292(b) push the litigation forward is closely related to the requirement that the underlying order present a controlling question of law. *See Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). In that regard, this will be a much more streamlined case if the government's discrimination claims are excised from discovery and trial, *see supra* Part I.A, which is exactly what § 1292(b) was designed for. *E.g.*, *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996)).

        **D.**        **The Court should exercise its discretion to certify the order.**

The government observes (at 3) that certifying an order for interlocutory appeal falls within the Court's discretion even if it finds all three factors have been met. To that end, this issue warrants interlocutory review because it is "one of nationwide importance, as attested by its prevalence in the many previous and still ongoing cases." *Navient Corp.*, 2019 WL 1052014, at *5; Resp. 5-6. For that reason, "[t]he issue's resolution in this Circuit could bear upon the ability of other litigants" to prosecute or defend against similar claims. *Id.* As the government does not dispute that Colony Ridge's appeal would cleanly tee up whether reverse redlining claims are viable, this case presents an ideal vehicle for the resolution of a disputed legal question to the ultimate benefit of developers, governments, and consumers alike.

**II.**        **Proceedings should be stayed pending appeal.**

Finally, should the Court grant Colony Ridge's motion, it should stay all proceedings. In a case of this scope, piecemeal discovery is unnecessary and would create more problems than it would solve. The government protests Colony Ridge's request by invoking (at 13) ongoing harms to current consumers, but this case has proceeded on the elongated schedule that the government negotiated with Colony Ridge at the outset of the case. At no point has the government even hinted that it would seek preliminary injunctive relief to remedy harms to consumers. To the contrary,

the government has brought a sprawling eleven-count complaint that seeks all manner of monetary and non-monetary relief following discovery, pretrial proceedings, and ultimately, a trial. The government made the strategic choice to pursue reverse redlining claims—notwithstanding the lack of Fifth Circuit precedent on the issue—and this case should not proceed while the viability of those claims is unsettled. At a minimum, if the Court certifies its order, the Court should stay proceedings on the government's FHA and ECOA claims.

## PRAYER

The Court should stay proceedings and enter an amended order on Defendants' motion to dismiss that certifies the order for interlocutory appeal under 28 U.S.C. § 1292.

Dated: October 25, 2024.                    Respectfully submitted.

Jason Ray
Texas Bar No. 24000511
**RIGGS & RAY, P.C.**
3307 Northland Dr., Ste 215
Austin, Texas 78731
(512) 457-9806 (Telephone)
(512) 457-9866 (Fax)
jray@r-alaw.com

Philip H. Hilder
Texas Bar No. 09620050
Q. Tate Williams
Texas Bar No.24013760
Stephanie K. McGuire
Texas Bar No. 11100520
**HILDER & ASSOCIATES, P.C.**
819 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
philip@hilderlaw.com
tate@hilderlaw.com
stephanie@hilderlaw.com

*/s/ Judd E. Stone II*
Judd E. Stone II
Texas Bar No. 24076720
Christopher D. Hilton
Texas Bar No. 24087727
Ari Cuenin
Texas Bar No. 24078385
Michael R. Abrams
Texas Bar No. 24087072
Alexander M. Dvorscak
Texas Bar No. 24120461
**STONE | HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, TX 78701
(737) 465-3897-telephone
judd@stonehilton.com
chris@stonehilton.com
ari@stonehilton.com
michael@stonehilton.com
alex@stonehilton.com

7

*Attorneys for Defendants Colony Ridge Development, LLC, Colony Ridge BV, LLC, and Colony Ridge Land, LLC*

## CERTIFICATE OF SERVICE

 I hereby certify that I served a true and correct copy of this document on the below-listed counsel of record, using the CM/ECF system on the 25th day of October, 2024.

 Melissa A. Carrington
 Terrence K. Mangan, Jr.
 Jimmy S. McBirney
 Hannah C. Abelow
 **U.S. Department of Justice**
 150 M. Street, NE
 Washington, DC 20530

 Elizabeth F. Karpati
 Assistant U.S. Attorney
 1000 Louisiana, Suite 2300
 Houston, TX 77002
 *Attorneys for Plaintiff*
 *United States of America*

 E. Vanessa Assae-Bille
 Alexis C. Christensen
 Andrea M. Lowe
 **Consumer Financial Protection Bureau**
 1700 G Street, NW
 Washington, DC 20552
 *Attorneys for Plaintiff*
 *Consumer Finance Protection Bureau*

                */s/ Michael R. Abrams*
                Michael R. Abrams