UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COLONY RIDGE DEVELOPMENT, LLC, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:23-cv-4729 <br> Judge Alfred H. Bennett |

**PLAINTIFF UNITED STATES' UNOPPOSED MOTION TO EXTEND DEADLINES FOR DISCOVERY AND DISPOSITIVE MOTIONS**

Plaintiff United States moves under Federal Rule of Civil Procedure 16(b)(4) to amend the Court's Scheduling Order (ECF 83) to extend discovery deadlines and the deadlines for dispositive motions. Defendants Colony Ridge Development, LLC; Colony Ridge BV, LLC; and Colony Ridge Land, LLC ("Defendants") do not oppose this motion, and Plaintiff Consumer Financial Protection Bureau agrees to the proposed deadline extensions. A proposed order and amended scheduling order are attached setting forth the following proposed deadline extensions of 150 days:

- Plaintiffs' expert designations and expert reports due August 18, 2025;
- Defendants' expert designations and expert reports due September 18, 2025;
- Discovery must be completed by November 24, 2025;
- Dispositive and expert challenge motions due January 26, 2026;
- Additional pre-trial, docket call, and trial dates to be determined by the Court.

As noted below, good cause exists to grant this Unopposed Motion:

1. On June 28, 2024, the Court signed a scheduling order setting March 21, 2025, as the deadline for Plaintiffs' expert designations and expert reports; April 21, 2025, as the deadline for Defendants' expert designations and expert reports; June 27, 2025, as the deadline for all discovery; and August 29, 2025, as the deadline for dispositive and expert challenge motions.

2. Extensive written discovery, including requests for production of documents ("RFPs"), interrogatories, and requests for admission, has been exchanged between the parties and continues. The parties have met and conferred regarding productions and, to the extent possible, have attempted to resolve disagreements without the Court's intervention.

3. This Court's procedures and practices require that parties seeking extensions to dispositive motion deadlines or docket call dates must justify such request in "a motion detailing a reasonable explanation that takes into consideration the current age and status of the case and whether the opposing party is prejudiced by further delay." Judge Bennett's Court Procedures and Practices, B.3.

4. Moreover, under Federal Rule of Civil Procedure 16(b)(4), the Court's scheduling order "may be modified only for good cause and with the judge's consent." Courts in the Fifth Circuit consider "four relevant factors" "when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (omitting internal quotation marks and citation). Principally, the party seeking the modification of the scheduling order must show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)).

5. Here, the four factors weigh in favor of amending the scheduling order to provide the parties additional time to complete discovery and brief dispositive motions.

6. With respect to the first two related factors, an extension to the current case deadlines is warranted and necessary to permit the full and fair litigation of this matter. The parties have exchanged extensive written discovery requests, which has required considerable time and effort for production and review. These efforts remain ongoing and continue to necessitate sizable time and effort, including the discussion and determination of potential search terms and other responsive information identification techniques. The parties also anticipate needing to take up to twenty depositions per side, which will require additional time. The parties require more time to resolve written discovery issues and to plan and schedule depositions, noting that there is already a set of discovery disputes currently before the Court for resolution.

7. Moreover, the claims at issue in this case, including technical issues involving mortgage financing, flooding, and land development, require that the parties engage in expert discovery. Though the parties have been working diligently towards meeting the current expert discovery deadlines approaching in March and April, they will need to more substantially complete the remaining document productions and review in order to provide potential experts with the required material to produce their reports.

8. Likewise, the last two related factors also support amending the scheduling order because an extension to the current case deadlines will not prejudice any party and will instead provide the parties with the sufficient and necessary time to fully develop and present their case. This request is also brought well before the current discovery deadline in June 2025 expires and nearly seven months before the current dispositive motions deadline in August 2025. The United

States makes this request for good cause and not for the purposes of delay, and it should not hinder the Court's ability to resolve this matter fairly and efficiently.

Therefore, for good cause shown, Plaintiff United States requests that the Court amend its scheduling order to extend deadlines for discovery and dispositive motions. A proposed order and proposed amended scheduling order is attached to this Unopposed Motion.

Dated: March 11, 2025

NICHOLAS J. GANJEI
United States Attorney

DANIEL DAVID HU
Civil Division
Chief

*s/ Elizabeth F. Karpati*
ELIZABETH F. KARPATI
SDTX: 20567
TX Bar No. 00794069
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston TX 77002
Tel: (713) 567-9767
Fax: (713) 718-3303
Email: elizabeth.karpati@usdoj.gov

Respectfully submitted,

MAC WARNER
Deputy Assistant Attorney General

CARRIE PAGNUCCO
Chief

VARDA HUSSAIN
Principal Deputy Chief

*s/ Melissa A. Carrington*
MELISSA A. CARRINGTON
Attorney-in-Charge
*pro hac vice*; IA Bar No. 13033
TERRENCE K. MANGAN, JR.
*pro hac vice*; MD Bar No. 2006010006
HANNAH C. ABELOW
*pro hac vice*; NY Reg. No. 5931464
ABIGAIL B. MARSHAK
*pro hac vice*; NY Reg. No. 5350053
ADAM M. WESOLOWSKI
*pro hac vice pending*; IL Bar No. 6314252
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
150 M Street, NE
Washington, DC 20530
Tel: (202) 514-4713
Fax: (202) 514-1116

4

5

Email: melissa.carrington2@usdoj.gov
       terrence.mangan2@usdoj.gov
       hannah.abelow@usdoj.gov
       abigail.marshak@usdoj.gov
       adam.m.wesolowski@usdoj.gov

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties conferred regarding this motion prior to filing. Plaintiff the Consumer Financial Protection Bureau agrees to the extension proposed by the United States. Defendants sent an email to counsel for the United States on March 10, 2025, stating: "Defendants do not oppose the United States' motion to extend case deadlines. However, Defendants reserve the right to oppose any future extensions to the extent either or both plaintiffs fail to engage in discovery or otherwise prosecute their claims during the extended discovery period."

*s/ Melissa A. Carrington*
MELISSA A. CARRINGTON

*Counsel for Plaintiff United States of America*

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 11, 2025, I filed the foregoing with the CM/ECF system, which sent electronic notice to all counsel of record.

                *s/ Melissa A. Carrington*
                MELISSA A. CARRINGTON

                *Counsel for Plaintiff United States of America*