# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU and <br><br> UNITED STATES OF AMERICA, <br>                            Plaintiffs, <br><br> v. <br><br> COLONY RIDGE DEVELOPMENT, LLC, <br> d/b/a Terrenos Houston, Terrenos Santa Fe, and Lotes y Ranchos; <br><br> COLONY RIDGE BV, LLC; and <br><br> COLONY RIDGE LAND, LLC, formerly d/b/a Terrenos Houston and Lotes y Ranchos, <br>                            Defendants. | Case No. 4:23-cv-4729 <br> Hon. Judge Alfred H. Bennett |

## MOTION OF NATIONAL FAIR HOUSING ALLIANCE, NATIONAL CONSUMER LAW CENTER, UNIDOSUS, PUBLIC JUSTICE, CENTER FOR RESPONSIBLE LENDING, POVERTY AND RACE RESEARCH ACTION COUNCIL, SOUTHERN POVERTY LAW CENTER, AND LEAGUE OF UNITED LATIN AMERICAN CITIZENS FOR LEAVE TO APPEAR AT FORTHCOMING HEARING AS *AMICI CURIAE* IN OPPOSITION TO JOINT MOTION

Yiyang Wu
Nicholas Abbott
Relman Colfax PLLC
1225 19th Street NW, Suite 600
Washington, D.C. 20036
(202) 728-1888

Elena Goldstein
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 488-9090

Janell M. Byrd
Sasha Samberg-Champion
National Fair Housing Alliance
1331 Pennsylvania Avenue NW, Suite 650
Washington, DC 20004
(202) 898-1661

*Attorneys for Amici Curiae*                                    March 9, 2026

**I.      INTRODUCTION**

Pursuant to Fed. R. Civ. P. 7, National Fair Housing Alliance, National Consumer Law Center, UnidosUS, Public Justice, Center for Responsible Lending, Poverty and Race Research Action Council, Southern Poverty Law Center, and League of United Latin American Citizens ("Amici") respectfully request this Court's leave to appear as *amici curiae* at the forthcoming hearing on the joint motion to dismiss this action ("Joint Motion").[1] Adversarial argument on the Joint Motion is warranted here because there are important interests at stake not represented by the parties. To the extent the Court would find such argument useful, Amici ask for the Court's leave to participate in the forthcoming hearing on the Joint Motion.[2]

**II.     BACKGROUND**

On February 10, 2026, the Parties filed the Joint Motion pursuant to Rule 41(a)(2). Doc. #149. On March 3, 2026, Amici—eight nonprofit organizations dedicated to fair housing and civil rights—moved for leave to file an amicus brief in opposition to the Joint Motion ("Motion for Leave"). Doc. #160. Information about Amici and their interest in this action is set forth in the motion for leave, *id.*, which remains pending.

In their proposed amicus brief, Amici assert that the Court must independently consider whether the Parties' settlement agreement is based on the pleaded case, furthers the purposes of the applicable statutes, and negatively affects third parties. *See generally* Doc. #160-2. Amici further contend that these factors overwhelmingly favor denial of the Joint Motion. *Id.* On March

---

[1] Amici note that, if this motion is granted, they will be represented at the hearing by Nicholas Abbott, an attorney who has noticed an appearance in this case, Doc #169, and has been practicing law for three and a half years. *See* Judge Alfred H. Bennett, Court Procedures and Practices at 3 ("The Court strongly encourages litigants to be mindful of opportunities for young lawyers (i.e., lawyers practicing for fewer than seven (7) years) to conduct hearings before the Court.").

[2] Amici have conferred with counsel for the Parties, who do not consent to this motion.

5, 2026, Plaintiff the United States of America (the "Government") filed a response to Amici's motion. Doc. #167.

On March 6, 2026, the Court held a hearing on the Joint Motion. The Court noted it had "serious questions" about the Joint Motion and adjourned the hearing so that an attorney for the Government could appear in person to answer those questions.

### III.    ARGUMENT

Amici seek leave to appear to provide the Court with argument that will assist the Court in its consideration of the Joint Motion. "Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence. There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable by the court." *United States v. Davis*, 180 F. Supp. 2d 797, 800 (E.D. La. 2001) (citations omitted); *cf. Morales v. Turman*, 820 F.2d 728, 730 (5th Cir. 1987) (amici's counsel presented amici's witnesses at trial and cross-examined plaintiffs' and defendants' witnesses).

Here, Amici's participation would be useful given the lack of adversarial argument on the Joint Motion. This is especially true here because there are important interests at stake not represented by the parties. Furthermore, as set forth below, the Joint Motion raises substantial, contested issues that have not been addressed sufficiently in the briefing before the Court.

The Joint Motion asks the Court to retain jurisdiction to enforce terms of a settlement agreement that have nothing to do with this case and do not provide relief to those most harmed by Defendants' conduct. *See* Doc. #160-2. Yet the Joint Motion itself does not include *any* argument in support of that request, *see* Doc. #149, let alone a legally sufficient one.

3

As set forth in Amici's proposed amicus brief, the Joint Motion calls for the Court to conduct an analysis of the reasonableness of the terms of the Parties' settlement agreement. *See* Doc. #160-2 at 9-12. In its reply to the Motion for Leave, the Government argues that the Court's inquiry under Rule 41(a)(2) exclusively focuses on prejudice to parties to the lawsuit. Doc. #167 at 1-2. But the only case cited in support of the proposition states that the "*primary* purpose" of a court's Rule 41(a)(2) inquiry "is to protect the non-movant from unfair treatment" and that "*[g]enerally*, courts approve such dismissals unless the defendant will suffer some plain legal prejudice . . . ." *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990) (emphasis added). That decision does not address under what circumstances a court must consider the interests of third parties and whether the relief provided for in a settlement agreement springs from the pleaded case. *Cf.* Doc. #160-2 at 9-12 (discussing *Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865 (6th Cir. 2015), the only federal court of appeals decision to squarely address this question).

Amici argue also that the Court lacks jurisdiction to enforce a clause of the settlement agreement that provides $20 million to immigration and law enforcement because that relief does not arise from the pleaded case or the statutes under which it was filed. *See id.* at 13-15. The Government counters that "[t]he fact that neither the United States' nor Texas's complaints discussed law enforcement is not determinative as to whether this relief is appropriate for settlement purposes." Doc #167 at 5. But they do not provide any legal support for this assertion, which contradicts the Supreme Court's clear direction that a proposed consent decree must "com[e] within the general scope of the case made by the pleadings." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986) (alteration in original) (quoting *Pacific R. Co. v. Ketchum,* 101 U.S. 289, 297 (1880)). Nor does the

Government provide any factual support for their representation that "during this litigation, Plaintiffs heard numerous complaints from witnesses and received other information from law enforcement partners that identified the need for an additional investment in public safety." *Id.*

These disputes demonstrate the usefulness of adversarial argument on the Joint Motion. Accordingly, Amici ask that the Court grant them leave to appear at the forthcoming hearing on the Joint Motion to provide argument and any further information the Court would find useful in adjudicating the Joint Motion.

### III.   CONCLUSION

For the foregoing reasons, this motion should be granted.

Dated: March 9, 2026

Respectfully Submitted,

/s/ Nicholas Abbott
Yiyang Wu *
Nicholas Abbott *
Relman Colfax PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
(202) 728-1888

Elena Goldstein *
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 488-9090

Janell M. Byrd *
Sasha Samberg-Champion *
National Fair Housing Alliance
1331 Pennsylvania Avenue NW, Suite 650
Washington, DC 20004
(202) 898-1661

*Attorneys for Amici*

* Admitted *Pro Hac Vice*

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, a true and accurate copy of the foregoing motion was electronically filed with the Court using the CM/ECF system. Service on counsel for all parties will be accomplished through the Court's electronic filing system.

<u>/s/ Nicholas Abbott</u>

*Attorney for Amici*

Date:   March 9, 2026