## I Object and Motion to be Heard

Mon, Mar 30 at 1:41 PM

Case:4:23-cv-04729

United States Courts
Southern District of Texas
FILED

APR 03 2026

Nathan Ochsner, Clerk of Court

Consumer Financial Protection Bureau

VS

Colony Ridge Development

Dear Honorable Alfred H Bennet,

I, Maria Acevedo, respectfully submit this objection to the proposed settlement in the above-referenced case and request the opportunity to be heard. My objection is based on the following facts and circumstances concerning the Colony Ridge Development has done a lot of work and absolutely none of the work is correct. Let's start in Camino Real Subdivision in Liberty County, Texas:

1. Property Purchase and Water Access Issues

   o ▪ I purchased my property in November 2018, located in Camino Real, Sections 1 through 4.

   o At the time of purchase, there was no public water supply available to my property or to other properties in the Camino Real Subdivision.

2. Attempts to Obtain Water and Documentation

   o Upon attempting to connect to the water system, I requested the following from the developer/utility:

     ▪ Public Water Supply well number for the subdivision

     ▪ Minimal 30-year water reserve letter

     ▪ Sanitary control easement documentation

page 1

- The requested documentation was either refused or not provided. I located the sanitary control easement independently.

3. Improper Charges and Developer Noncompliance

   - The developer, Quadvest, charged property owners $2,300 for water, sewer, connection fees, and water meters, despite county regulations requiring the subdivider to cover these costs.

   - Many water meters were already on the property or picked up by property owners at no cost to Colony Ridge "The Subdivider" We the People were being charged for a water meter we will never own. It stays with the land.

   - Quadvest refused to provide water unless these fees were paid.

4. Delayed and Improper Water System Installation

   - Quadvest did not apply for the public water supply until September 17, 2020, with completion of water stub-outs on October 18, 2021—almost three years after my purchase.

   - Water stub-outs were done incorrectly, and Quadvest performed an interconnection with the Grand San Jacinto Public Water Supply without permission, charging property owners for services that were not legally or operationally provided.

   - Legal and Regulatory Violations

     - Under Liberty County regulations, the subdivider is responsible for the cost of water system infrastructure, meters, and connections.

     - Quadvest failed to comply with Texas Commission on Environmental Quality (TCEQ) requirements for public water supply approval at the time of platting, demonstrating widespread noncompliance and mismanagement.

Conclusion and Request

For these reasons, I object to the proposed settlement. The settlement fails to address the developer's long-standing noncompliance, the improper charges to property owners, and the lack of lawful provision of essential utilities.

I respectfully request:

1. That my objection be considered by the Court.

2. That I be granted the opportunity to be heard in connection with this objection. Colony

Ridge has done absolutely nothing correct to date in Liberty County subdivisions.

3. o That the Court ensure that any settlement fully addresses the developer's noncompliance and the rights of property owners, including restitution for improper charges and assurance of lawful utility provision.

Respectfully submitted,

Maria Acevedo

# Exhibit List for Objection / Motion to Be Heard

Exhibit A – Property Purchase & Exemption Statement

- Contents: Interstate/intrastate exemption statement for your property

- Date: Purchased November 18, 2018

- Pages: 3

Exhibit B – Plats & Liberty County Rules & Regulations

- Contents: Preliminary plat, final plat, Liberty County rules and regulations

- Pages: 10

Exhibit C – Water and Wastewater Agreements

- Contents: Liberty County water and sewer agreement; wastewater service agreement; breakdown of out-of-pocket expenses paid by property owners for water well installation (which the Subdivider Colony Ridge was supposed to cover)

- Pages: 5 + any additional for water well breakdown (clarify page count if needed)

Exhibit D – Camino Real Section 2 Plat

- Contents: Approved plat for Camino Real Section 2

- Date Approved: August 11, 2015

③

## Exhibit E – Sanitary Control Easement

- Contents: Sanitary control easement for public water supply

- Date: December 15, 2015

- Pages: 6

## Exhibit F – TCEQ Correspondence & Public Water Supply Documentation

- Contents:

  1. Email from TCEQ Austin stating lack of water well and improper interconnect

  2. TCEQ public water supply approval documentation (Nov 17, 2020)

  3. TCEQ completion documentation for public water supply (2021)

- Pages: 18

---

**Closing Statement**

In closing, Your Honor, I respectfully ask the Court to understand that what I have presented is not an isolated situation. The issues I have described are occurring within just one subdivision—Camino Real—and there are multiple other subdivisions developed under the same practices.

This reflects a broader pattern of conduct that has affected many property owners, not just myself.

I am asking this Court for the opportunity to be heard so that I may fully present the evidence demonstrating that the development, sale, and utility infrastructure associated with these properties have not been carried out in compliance with applicable laws and regulations.

The proposed settlement, as it stands, does not adequately address these ongoing issues or the harm experienced by property owners.

For these reasons, I respectfully request that the Court grant my Motion to Be Heard and carefully consider whether the proposed settlement truly serves justice for those affected.

Respectfully,

Maria Acevedo

(4)

# INTRASTATE EXEMPTION STATEMENT

## CAMINO REAL


Name of Developer: Colony Ridge Development, LLC

Address:          1712 North Frazier Street, Suite 216
                  Conroe, Texas 77301


Name of Subdivision: Camino Real Sections 1 thru 3

Location:         Cleveland, Texas 77327
                  Liberty County


1.    Statement of Liens: There are no liens on this property.

2.    Statement of Easements and Reservations: The property is subject to the following easements
      and reservations of record:
      -   Mineral rights have been severed and are held by others
      -   Building lines, utility easements, drainage easements, gas easements as shown on the plat
      for providing utilities to the subdivision.
      -   Reservations granted to Quadvest Water and Sewer Utility
      -   Reservations granted to Houston El Norte Property Owners Association, Inc.

3.    Statement of Current Taxes as of 2018:

      Owners of lots are obligated to pay annual property taxes to local authorities. These taxes are
      based on Liberty County assessed valuation of the property, and are levied at the following
      rates:

      | | | |
      |---|---|---|
      | Liberty County | Tax Rate: | .578800% |
      | Cleveland ISD (school district): | Tax Rate: | 1.41500% |
      | Total | Tax Rate: | 1.993800% |

4.    Statement of Current Assessments as of 2018:

      Annual Property Owners Association Assessments in the amount of $120.00 per lot are due at
      the beginning of each year and will be prorated at closing. Regular Assessments are levied by
      the Board, annually, to fund the anticipated operating and maintenance expenses of the
      Association. Regular Assessments may be changed annually by the Board.

5.    Statement of Restrictions:

      Restrictions as to the usage for this property are found in the Declaration of Covenants,
      Conditions and Restrictions filed in the County Clerk's Office in Liberty County, Texas. (See

Exhibit A

 4.   Statement of Current Assessments as of 2018:

Annual Property Owners Association Assessments in the amount of $120.00 per lot are due at the beginning of each year and will be prorated at closing. Regular Assessments are levied by the Board, annually, to fund the anticipated operating and maintenance expenses of the Association. Regular Assessments may be changed annually by the Board.

5.   Statement of Restrictions:

Restrictions as to the usage for this property are found in the Declaration of Covenants, Conditions and Restrictions filed in the County Clerk's Office in Liberty County, Texas. (See attached restrictions.)

6.   Statement of Utility Costs as of 2018:

a.   Availability of water and estimated cost:

Water Service is readily available. Deposit and rates as approved by Quadvest Water and Sewer Utility are approximately 5/8"meter at $810.00 tap fee with a $28.75 monthly base fee, 1" meter at $910.00 tap fee with a $71.88 monthly base fee, $50.00 deposit fee, $1.75 per each 1,000 gallons, and 1% retail monthly fee to Texas Commission on Environmental Quality.

Exhibit A  2-of-3

The source of water for Camino Real, Sections 1 thru 3 is a private water system authorized by Quadvest Water and Sewer Utility with rates approved by Public Utility Commission of Texas.

 b.    Availability of sewage disposal and estimated cost:

Sewer Service is readily available. Deposit and rates as approved by Quadvest Water and Sewer Utility are approximately $790.00 tap fee, $50.00 deposit fee, $76.00 monthly base fee, and 1% retail monthly fee to Texas Commission on Environmental Quality.

The source of sewer for Camino Real, Sections 1 thru 3 is a private sewer system authorized by Quadvest Water and Sewer Utility with rates approved by Public Utility Commission of Texas.

 c.    Availability of electricity and estimated cost:

Electrical service is readily available. Service is to be provided by Entergy Texas, Inc. Deposit and rates as approved by Entergy Texas, Inc. are approximately $150.00 deposit fee, $20.00 installation of meter, $0.06177 per kilowatt.

Purchaser will be responsible for additional service charges and equipment charges required by Entergy, as well as the cost of installing an individual 18 foot power pole and extending the electrical lines to a residence from the main lines in order to obtain electrical service.

 d.    Availability of telephone and estimated cost:

Phone service is estimated to be completed and should be available by 2018. Service is to be provided by AT&T. Deposit and rates as approved by AT&T are approximately $50.00 deposit fee, $24.00 plus tax for basic service (1) single party residence.

*(This space left intentionally blank)*

Exhibit A 3-of-3

**ADOPTED 07-27-04**

# LIBERTY COUNTY

# RULES

# FOR

# SUBDIVISIONS

# &

# DEVELOPMENT

Exhibit B page 1- of 10

**ADOPTED 07-27-04**

2.9    **Subdivision within ETJ of a City.** Whenever an Original Tract lies within the extraterritorial jurisdiction of an incorporated city, it may be subject to the rules of both the City and the County. Liberty County will seek to work with cities to coordinate subdivision and land development requirements to make this process as manageable as possible. Applicants should contact the city or the County Judge's office to determine which set of rules and approval procedures apply to them, but generally the Applicant should obtain approval of the municipality before obtaining final review by the County. As required by the Texas Property Code, the County Clerk may not record a plat unless approved by proper regulatory authority. In the event the land is subject to both city subdivision regulations and these Subdivision regulations then the stricter standard shall apply and may be enforced by either the city of the County or both. The Applicant bears the burden of establishing to the County Clerk that no city subdivision approval is required.

2.10    **Wastewater and Development Permits.** The County shall issue no On-Site Sewage Facility permit on any parcel of land subdivided after February 10, 2000 unless that property has been properly subdivided in accordance with these Regulations and the Liberty County On-Site Sewage Facility Rules or is exempt from platting under state law.

2.11    **Construction Inspection Fee.** Prior to approval of the final plat the developer shall pay a construction inspection fee to Liberty County to cover the cost for the County to perform or have performed inspection services adequate to confirm the subdivision improvements are constructed to Liberty County Standards and the approved plans and specifications for the development. This fee shall be established during the review process for approval of the final plat. Minimum construction inspection fee shall be $500.00.

2.12    **Submittal to Other Jurisdictions.** A copy of the Preliminary Plat with appropriate supporting information will be submitted to all jurisdictions and/or utility providers in addition to Liberty County that have jurisdiction over or that will provide water, sewer, or electric service to the subdivision. A letter indicating approval of the subdivision components of direct concern to these entities will be required prior to approval of the Preliminary Plat by Liberty County Commissioners.

Exhibit B    2- of 10

**ADOPTED 07-27-04**



**SECTION 4**
**PRELIMINARY PLAT**

4.1   **Information**.   The Preliminary Plat Checklist is available at the County Permit Department's office.  Before an application for Preliminary Plat is considered for filing, the Applicant must return all items summarized on the checklist to the Permit Department and have the application dated by the Clerk.  A mylar and two (2) black or blue line copies of the plat is required for submission as specified in the Preliminary Plat Checklist.  The Commissioner's Court will act on the Preliminary Plat within sixty-days (60) from the date the complete application is filed with the Clerk.  The County will notify applicants in writing within ten (10) business days of the filing if the Checklist application is flawed or incomplete, in which case applicants must file a new, completed Checklist.  Proposed Preliminary Plats shall include the following:

4.1.1   General Information.

(a)   Name of the proposed Subdivision, which shall not be the same or substantially similar to any other Subdivision within the County unless the Subdivision is an extension of a pre-existing, contiguous Subdivision.

(b)   The boundary lines and total acreage of the Original Tract and the Subdivision.

(c)   A note stating the total number of Lots within the proposed Subdivision and the minimum size of Lots.

(d)   Lot number and size, block numbers, building set back lines.

1.   Lot size – minimum fifty foot width, 130 foot depth.

2.   Minimum twenty-five foot set back line.

3.   Subdivision with curb and gutter streets with storm sewers may use zero lot line design with forty-five (45) foot width lots and one hundred ten (110) foot depth.

4.   Length of block shall not exceed 1400 feet.

5.   Acreage and dimensions of each Lot, accurate to one-hundredth of an acre.  When calculating the acreage of any Lot the gross square footage within the Lot shall be used, provided any area within a public right of way shall be excluded.

(e)   Alleys utility easements and drainage easements.

1.   Minimum alley width shall be twenty (20) feet.

Exhibit B    3 - of 10

**ADOPTED 07-27-04**

2.  Minimum utility easement fifteen (15) feet.

3.  Drainage easements shall be of sufficient width to accommodate the size ditch necessary to carry the design capacity of the ditch, plus adequate width for access and maintenance.

(f)  Existing contours shall be shown at five-foot, two-foot, or one-foot intervals according to Section 2.3.5 (g) of the Road & Drainage Standards.

(g)  The location and acreage of any proposed parks, squares, greenbelts, schools or other public use facilities.

(h)  Names of adjoining Subdivisions or owners of property contiguous to the proposed Subdivision.

(i)  Name, address and phone number of the Surveyor and/or Engineer.

(j)  Name, address and phone number of the Owner, or Applicant if not the Owner.

(k)  A vicinity map showing general location of Subdivision in relation to major roads, towns, cities or topographic features.

(l)  North arrow, scale and date.

(m)  Boundary lines of any incorporated city and the limit of the extraterritorial jurisdiction of any city.

(n)  The location of school district boundaries and a statement clearly indicating in which school district(s) the Subdivision is located. In the event any Lot lies within more than one school district, then the plat shall clearly state the number of acres within the Lot that lies within each school district.

(o)  The location of all taxing district boundaries and a statement clearly indicating in which district(s) the subdivision is located. In the event any Lot lies within more than one taxing district, then the plat shall clearly state the number of acres within the Lot that lies within each taxing district.

(p)  Each sheet must be numbered consecutively, sheet x of y.

(q)  Note the usage of each Lot as single family or other.

Liberty County Subdivision Rules
Section 4
Page 12

Exhibit B    4 - of 10

**ADOPTED 07-27-04**

4.1.2    Floodplain and Drainage Information.

    (a)    Elevation contours at no less detail than one-foot (1') intervals, based on NGVD 83 datum.

    (b)    All Special Flood Hazard Areas identified by the most current Flood Insurance Rate Maps published by the Federal Emergency Management Agency.

    (c)    For each Lot containing the 100-year floodplain, sufficient additional contours to identify and delineate the 100-year floodplain and regulatory floodway, if any.   If base flood elevations have not already been established, a Registered Professional Engineer shall establish the elevations.

    (d)    For each Lot containing the 100-year floodplain, a finished floor elevation a minimum of one-foot (1') above the 100 Year Flood Plain for the Finished Floor Elevation must be identified on the plat. Development less than one foot (1') above the 100 Year Flood Plain shall be prohibited.

    (e)    For each Subdivision containing the 100-year floodplain, at least one benchmark showing NGVD 83 datum elevation, as well as latitude and longitude.

    (f)    A drainage plan depicting the anticipated flow of all drainage onto and from the Subdivision and showing all major drainage and topographic features on or adjacent to the property including all water courses, 100-year floodplain boundaries, floodway boundaries, ravines, swales, ditches, bridges, and culverts.

    (g)    The location and size of all proposed drainage structures, including on-site retention and/or detention ponds and easements and the impact of Lot and street layouts on drainage.

    (h)    Depiction of all streams, rivers, ponds, lakes, and other surface water features.

4.1.3    Street and Right of Way Information

    (a)    Street Width – Open Ditches

        1.    Minimum right of way width of main or arterial streets shall be 75 feet.

        2.    Minimum right of way width of collector or lateral roads or streets shall be 60 feet.

Exhibit B    5-of-10

3.  Minimum right of way width of single resident streets not exceeding six hundred (600) feet in length shall be sixty (60) feet wit cul-de-sac with right of way of 50 foot radius.

(b)  Streets Widths – Curb and Gutter

1.  The minimum right of way width of arterial streets shall be seventy-five (75) feet.

2.  The minimum right of way width of collector type streets shall be sixty (60) feet.

3.  The minimum right of way width of single family residential type streets shall be sixty (60) feet and not exceed six hundred (600) feet in length with cul-de-sac with sixty (60) foot radius.

(c)  A minimum 10 foot wide utility easement shall be provided adjoining each side of every street R.O.W.

(d)  Location, length and right of way widths of all proposed streets and a depiction of how all proposed streets shall connect with previously dedicated, platted or planned streets within the vicinity of the Subdivision.

(e)  Location, size and proposed uses of all proposed access easements, if any.

(f)  Proposed location of all depth gauges at all road crossings where the 100-year frequency flow or lesser frequency storm event is anticipated to flow over the road surface and any proposed gates or warning devices. Note: the Commissioners Court may require gates or warning devices at such locations.

4.1.4  Water, Wastewater and Utilities Information

(a)  Designation of the entity supplying each of the following: electric, phone and gas utilities to Lots, or a statement that such utility is not available.

(b)  The location of all proposed utility easements and/or infrastructure, including water well sanitary easements, if applicable.

(c)  Designation of the water and sewer utility provider for the Subdivision, and the source of the water intended to serve each Lot within the subdivided area.

Exhibit B    6 - of 10

**ADOPTED 07-27-04**

(d)    Certification that all Lots have been designed in compliance with the Rules of Liberty County for On-Site Sewage Facilities, together with a Facility Planning Report for On-site Sewage as provided for in Chapter 285 in the Texas Health and Safety Code.

4.2    **Street Design**. A proposed Preliminary Plat shall contain a written certification from a Registered Professional Engineer that the location and dimensions of streets as set forth and laid out on the Preliminary Plat are in accordance with these Regulations.

4.3    **Drainage**. A proposed Preliminary Plat shall contain a written certification from a Registered Professional Engineer stating that the location and approximate sizes of the drainage structure(s) set forth in the Preliminary Plat are in accordance with the County's Road and Drainage Specifications.

4.4    **On-Site Sewage Rules**. A proposed Preliminary Plat shall satisfy the requirements of the Rules of Liberty County for On-Site Sewage Systems.

4.5    **Approval of Preliminary Plat**. The Commissioners Court shall approve a Preliminary Plat if it satisfies each of the requirements set forth in Section 4 and all other provisions of these Regulations.

4.6    **No Conveyance of Lots**. Conveyance of Lots depicted on a Preliminary Plat shall not be permitted until the Final Plat has been approved and the Record Plat filed by the County Clerk except as provided by Property Code 212.002(d).

4.7    **Expiration**. Approval of a Preliminary Plat shall expire and be of no further force and effect in the event a Final Plat for a portion of the Subdivision is not filed within twelve (12) months following the date of the Commissioners Court approval of the Preliminary Plat.

Exhibit B    7-0f 10



**SECTION 5
FINAL PLAT**

5.0    **Application Fee** Upon filing the Final Plat Application, the Applicant shall pay a plat application fee in the amount of $350 plus $25 per Lot for the first 100 Lots and $15 per Lot for each Lot over 100 Lots;

5.1    **Information**. The Final Plat Checklist is available at the County Permit Department's office. Before an application for Final Plat is considered for filing, the Applicant must return all items summarized on the checklist to the Permit Department Office and have the application dated by the Permit Department. A mylar and six (6) copies of the final plat is required for submission as specified in the Final Plat Checklist. The Commissioners Court will act on the Final Plat within sixty (60) days from the date the completed checklist is filed with the Permit Department. The County will notify applicants in writing within ten (10) business days of the filing if the Checklist application is flawed or incomplete, in which case applicants must file a new, completed Final Plat Checklist. Proposed Final Plats shall comply with the requirements of the approved Preliminary Plat and shall include the following:

5.1.1   General Information

(a)    Bearings and dimensions of the boundary of the Subdivision and all Lots, streets, parks, greenbelts, easements, or reserves. Dimensions shall be shown to the nearest one-hundredth of a foot (0.01') and bearings shall be shown to the nearest one second of angle (01"). The length of the radius and arc length of all curves, with bearings and distances of all chords, shall be clearly indicated.

(b)    Description of monumentation used to mark all boundary, Lot and block corners, and all points of curvature and tangency on street rights-of-way.

(c)    Location of original survey line. The Subdivision shall be located with respect to an original corner of the original survey of which it is part.

(d)    Lot and block numbers for each Lot.

(e)    Acreage of all Lots, calculated to the nearest one-hundredth of an acre.

(f)    Each sheet must be numbered consecutively, sheet x of y.

(g)    A vicinity map showing general location of Subdivision in relation to major roads, towns, cities or topographic features.

Exhibit B    8-of 10

**ADOPTED 07-27-04**

5.1.2    Flood Plain and Drainage Information

    (a)    For Subdivisions containing the 100-year floodplain, one benchmark and finished floor elevations of each Lot in accordance with the Liberty County Flood Damage Prevention Ordinance.

    (b)    For each Subdivision containing the 100-year floodplain, at least one monument containing latitude and longitude and NVGD 83 datum coordinates.

    (c)    For each Lot containing the 100-year floodplain, a minimum one-foot (1') above the floodplain for the Finished Floor Elevation must be provided for on the plat, and development less than one foot (1') above the Finished Floor Elevation shall be prohibited.

5.1.3    Street and Right of Way Information

    (a)    Total length of all streets, to the nearest one-tenth mile.

    (b)    Total area of all right-of-way to be dedicated to the public to the nearest hundredth of an acre.

    (c)    The minimum driveway culvert size for each Lot, as determined in accordance with good engineering and construction practices.

5.1.4    Water, Wastewater and Utilities Information

    (a)    For each Lot not served by an approved public sewer systems, the location of a viable percolation area for septic tanks and proposed well sites, if any.

    (b)    The following statement should appear prominently on the Final Plat: "No structure in this Subdivision shall be occupied until connected to an individual water supply, state-approved water system, or engineered rain water collection system."

    (c)    The following statement shall appear prominently on the Final Plat: "No structure in this Subdivision shall be occupied until connected to a public sewer system or to an on-site sewage facility that has been approved and permitted by Liberty County."

5.1.5    Other Plat Notes and Certification as referred to in Appendix 1.

Exhibit B    9 - of 10

**ADOPTED 07-27-04**

5.2    **Additional Requirements for Streets**.

    5.2.1    Three (3) blue line or black line copies of the Construction Plans for all streets and drainage improvements within the Subdivision and signage plans for all streets in accordance with the Liberty County Road and Drainage Standards and Specifications shall be submitted with the final plat for review and approval.

    5.2.2    A certification under the seal of a Texas Registered Professional Engineer that the Construction Plans and pavement designs are in compliance with these Regulations.

    5.2.3    The total estimated construction cost of all of the streets and drainage improvements proposed for construction within the Subdivision.

    5.2.4    Streets may be constructed after recording the Record Plat. Construction and Maintenance Fiscal Security to be posted per the requirements of Section 7.

5.3    **Standard for Approval**. The Commissioners Court shall approve a Final Plat for recording as the Record Plat if it satisfies each of the Requirements set forth in these Regulations.

5.4    **Construction Plans**. Upon approval of the Final Plat, one (1) mylar each of the Drainage Plan and the Construction Plans along with two (2) black or blue line sets of each shall be submitted to Liberty County.

5.5    **Approval of a Final Plat**. Approval of a Final Plat shall not authorize any construction or Development activities but merely authorize the Applicant to proceed with the Record Plat.

5.6    **Record Plat**. Upon approval of the Final Plat by Commissioners Court, the Applicant shall prepare one (1) mylar and five (5) black or blue line copies of the Record Plat for recordation in the Liberty County Plat Records in accordance with these Regulations. The Record Plat must be recorded within twelve (12) months of the approval of the Final Plat.

Exhibit B    10-of 10

 **ADOPTED 07-27-04**

# Appendix 3
## Sample Form for Water Service Agreement
## And
## Sample Form for Wastewater Agreement



Liberty County Subdivision Rules
Appendix 3

Exhibit C    1 of 5

**ADOPTED 07-27-04**

APPENDIX 3A.  SAMPLE FORM FOR WATER SERVICE AGREEMENT

AGREEMENT REGARDING WATER SERVICE FOR THE PROPOSED
_____ SUBDIVISION

PARTIES:  This Agreement is by and between the Utility and the Subdivider, to wit:
The Utility is the governing board or owner of a retail public utility which supplies of drinking water known as _____.

The Subdivider is _____,
who is the owner, or the authorized agent of the owner, of a tract of land in Liberty County, Texas, that has been proposed to be divided into a subdivision (the Subdivision) known as _____.

TERMS:   The Subdivider has prepared a plat of the Subdivision for submission to Liberty County for its approval.  The Subdivider plans to construct for the Subdivision a drinking water distribution system to be connected to the Utility's public water system.  The Utility has reviewed the plans for the Subdivision (the Plans) and has estimated the drinking water flow anticipated to be needed by the Subdivision under fully built-out conditions (the anticipated water flow) to be approximately _____ gallons daily.

The Utility covenants that it has or will have the ability to provide the anticipated water flow for at least thirty years, and that it will provide that water flow.  These covenants will be in effect until thirty years after the plat of the Subdivision has been recorded and the Subdivision's water distribution system has been connected to the Utility's water supply system.

The Subdivider covenants that the water distribution system will be constructed as shown in the Plans and as provided for through the plat-approval process so that the residents of the lots of the Subdivision may receive drinking water service from the Utility.  Upon completion of the water distribution system and upon its approval and acceptance by the Utility, the Subdivider will convey to the Utility all right and title to the water distribution system.

The Subdivider has paid the Utility the sum of $ _____ which sum represents the total costs of water meters, water rights acquisition fees, and all membership or other fees associated with connecting the individual lots in the Subdivision to the Utility's water supply system.

The above provisions notwithstanding, this Agreement shall no longer be in effect if the plat of the Subdivision is not approved by Liberty County or by a municipality whose approval is required.

Liberty County Subdivision Rules
Appendix 3
Page 1

Exhibit C    2 of 5

**ADOPTED 07-27-04**

By affixing his or her signature to this Agreement, the person signing for the Utility warrants that he or she is authorized to sign this Agreement on behalf of the Utility. By affixing his or her signature to this Agreement, the person signing for the Subdivider warrants that he or she is authorized to sign this Agreement on behalf of the Subdivider.

This Agreement is effective on _____, 20____.

The Utility

By:_____
Printed Name:_____
Office or Position:_____
Date:_____

The Subdivider

By:_____
Printed Name:_____
Office or Position:_____
Date:_____

Exhibit C 3-of 5

# CAMINO REAL SUBDIVISION

| | HOW MANY LOTS | WATER METER FEE & CONNECTION | TOTAL |
|---|---|---|---|
| CAMINO REAL SECTION 1 | 1106 | $2,300.00 | $2,543,800.00 |
| CAMINO REAL SECTION 2 | 1016 | $2,300.00 | $2,336,800.00 |
| CAMINO REAL SECTION 3 | 825 | $2,300.00 | $1,897,500.00 |
| CAMINO REAL SECTION 4 | 509 | $2,300.00 | $1,170,700.00 |
| | | Total For Water Meter & Connection | $7,948,800.00 |

Exhibit C

4-05-5

Bella Vista Lots
Sect 1   102
Sect 2   234
Sect 3   346
Sect 4   390
Sect 5   314
Total   1,406

Montebello Lots.
Sect 1   142
Sect 2   221
Sect 3   241
Sect 4   300
Total   904

Grand San Jacinto Lots
Sect 1   246
Sect 2   558
Sect 3   661
Sect 4   692
Sect 5   591
Sect 6   811
Sect 7   54
Total   3613

Rancho San Vicente
Lots
Replat   1645 Lots

* Camino Real Lots *
Sect 1   1106
Sect 2   1016
Sect 3   825
Sect 4   509
Total   3456 *

Santa Fe Lots
Sect 1   1875
Sect 2   2466
Sect 3   993
Sect 4   1077
Sect 5   1793
Sect 6   Pending
Sect 7   Pending
Sect 8   Pending
Total   8204

Total Lots in Property
Taxes. 18,228

Exhibit C   5 of 5

# CAMINO REAL
## SECTION TWO
1013 LOTS—24 BLOCKS—2 RESERVES

A SUBDIVISION OF 634.528 ACRES OF LAND, BEING A
PORTION OF A CALLED 1,712.691 ACRE TRACT LOCATED IN
THE ANN HOLSHOUSEN SURVEY, ABSTRACT NO. 208 AS
RECORDED UNDER CLERK'S FILE NO. 2014-019105,
OFFICIAL RECORDS OF LIBERTY COUNTY, TEXAS.

THE STATE OF TEXAS
COUNTY OF LIBERTY

KNOW ALL MEN BY THESE PRESENTS, That, Colony Ridge Development, L.L.C., by T-Rex Mgt., Inc., managed by John Harris, President, a corporation organized and existing under the laws of the State of Texas, with its home address at 1712 North Frazier, Ste. 216, Conroe, Texas, owner of 1,712.691 acres of land out of the Ann Holshousen Survey, Abstract No. 208, and recorded under County Clerk's File No. 2014-019105, Official Public Records, DOES HEREBY SUBDIVIDE 634.528 acres of land out of the Ann Holshousen Survey, Abstract No. 208, Liberty County, Texas, to be known as Camino Real, Section 2 in accordance with the plat shown hereon, subject to any and all easements or restrictions hereto fore granted and do hereby dedicate to the public the streets and easements shown hereon.

IN WITNESS WHEREOF the said Colony Ridge Development, L.L.C., By T-Rex Mgt., Inc., managed by John Harris, President, has caused these presents to be executed by its President, thereunto duly authorized.

John Harris, President

THE STATE OF TEXAS
COUNTY OF LIBERTY

BEFORE ME, the undersigned authority, on this day personally appeared John Harris, known to me to be the person whose name is subscribed to the foregoing instrument as Colony Ridge Development, L.L.C., By T-Rex Mgt., Inc., managed by John Harris, President, and acknowledgment to me that he executed the same in such capacity as the act and deed of said corporation for purposes and considerations therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the 19th day of June, 2015.

NOTARY PUBLIC in and for Liberty County, Texas


DAMARIS WATSON
Notary Public, State of Texas
My Commission Expires
April 13, 2016

STATE OF TEXAS
COUNTY OF LIBERTY

I, Paulette Shivers Williams, County Clerk of Liberty County, Texas, do hereby certify that on the 11 day of August A.D. 2015, the Commissioners Court of Liberty County, Texas passed an order authorizing the filing of record of this plat, and said order has been duly entered in the minutes of the said Court under County Clerk's file no. 2015-1299.

WITNESS MY HAND AND SEAL OF OFFICE this the 11 day of August A.D., 2015.


Paulette Shivers Williams, County Clerk
Liberty County, Texas


08/11/2015

APPROVED by Commissioners Court of Liberty County, Texas this 11 day of August, 2015.


Commissioner, Precinct 1
Mike McCarty

Commissioner, Precinct 2
Greg Arthur


County Judge
Jay H. Knight

Commissioner, Precinct 3
Eddie Lowery

Commissioner, Precinct 4
Leon Wilson

KNOW ALL MEN BY THESE PRESENTS:
I, Zachariah R. Savory, a Texas Registered Professional Land Surveyor certify that this plat has been in accordance with Subdivisions Regulations of Liberty County.


Zachariah R. Savory RPLS No. 5966


STATE OF TEXAS
ZACHARIAH R. SAVORY
5966
PROFESSIONAL
LAND SURVEYOR

Final Plat Engineer's Certifications :

Street locations and dimensions, as set forth and laid out on this Final Plat, are in accordance with Liberty County's Rules for Subdivisions and Development.

Drainage structure locations and approximate sizes, as set forth on this Final Plat, are in accordance with Liberty County's Road and Drainage Specifications.

Jeffrey L. Long, P.E.
Texas PE 88789
Lexisplan Engineering, P.A.

JEFFREY L. LONG, P.E.
88789


BLOCK 56
2863  2862
RIO VERDE DR.
(60' R.O.W.)
145.20'
2952
BLOCK 57
898
899
BLK. 14
900
901
LAS VEGAS DR. (80' R.O.W.)

—BENCH MARK—
3" BRASS DISK SET IN CONCRETE COLUMN
6" IN DIAMETER, THREE FEET DEEP AND BURIED
FLUSH WITH NATURAL GROUND
STAMPED: CAMINO REAL
ELEVATION: 108.42', NAVD 88

NOTES:

No construction or other development within this subdivision may begin until all Liberty County development requirements have been met.

This subdivision is within the boundaries of the Cleveland School District.

Electric utility service will be provided by Entergy.

Telephone utility service will be provided by AT&T.

No structure in this subdivision shall be occupied until connected to a public sewer system or to an on-site wastewater system, which has been approved and permitted by Liberty County.

No structure in this subdivision shall be occupied until connected to an individual water supply, state approved community water system, or engineered rainwater collection system.

Quadvest Water and Sewer Utility, an approved public water supply system, has adequate quantity to supply the subdivision and provisions have been made to provide service to each lot in accordance with the policies of the water system.

Bartlett
Water Supply Representative

All drainage easements shown hereon shall be kept clear of fences, buildings, plantings, and other obstructions to the operation and maintenance of the drainage facilities.

Tract shown hereon is located in ZONE X, areas outside the 100-year flood plain, according to Federal Emergency Management Agency Flood Insurance Rate Map Community Panel No. 48291C 0275 C effective 05/02/08.

NOTES:

NOTE: All bearings based on Texas Coordinate System of 1983, Central Zone.

There is a 5' building line, utility easement and easement located along all side lot lines unless otherwise shown or noted.

There is a 10' building line, utility easement, drainage easement and easement located along all rear lot lines unless otherwise shown or noted.

There is also an aerial easement above any and all existing utility easements and an aerial easement (5) feet wide from a plane twenty (20) feet above the ground upward located adjacent to any and all utility easements.

Lots with double frontage that have one access from a cul-de-sac shall have driveway access from cul-de-sac only.

Acreage indicated on each lot and reserve.

LEGEND
B.L. – BUILDING LINE
U.E. – UTILITY EASEMENT
D.E. – DRAINAGE EASEMENT
OPRLC – OFFICIAL PUBLIC RECORDS OF LIBERTY COUNTY, TEXAS
FFE – FINISHED FLOOR ELEVATION



| CURVE | RADIUS | ARC LENGTH | CHORD LENGTH | CHORD BEARING | DELTA ANGLE |
|---|---|---|---|---|---|
| C1 | 60.00' | 314.16' | 60.00' | N 64°55'53" W | 300°00'00" |
| C2 | 60.00' | 314.16' | 60.00' | S 87°38'19" W | 300°00'00" |
| C3 | 60.00' | 314.16' | 60.00' | S 87°38'19" W | 300°00'00" |
| C4 | 490.00' | 300.89' | 296.18' | N 21°57'27" E | 35°10'69" |
| C5 | 410.00' | 299.60' | 293.18' | N 18°36'00" W | 41°53'43" |
| C6 | 60.00' | 314.16' | 60.00' | N 02°21'41" W | 300°00'00" |
| C7 | 60.00' | 314.16' | 60.00' | N 02°21'41" W | 300°00'00" |
| C8 | 60.00' | 314.16' | 60.00' | S 02°21'41" E | 300°00'00" |
| C9 | 60.00' | 314.16' | 60.00' | S 02°21'41" E | 300°00'00" |
| C10 | 490.00' | 349.93' | 342.54' | S 18°06'43" W | 40°55'03" |
| C11 | 70.00' | 18.61' | 18.56' | N 84°44'40" W | 15°14'01" |
| C12 | 60.00' | 314.16' | 60.00' | S 02°21'41" E | 300°00'00" |
| C13 | 130.00' | 63.35' | 62.73' | N 78°24'03" W | 27°55'15" |
| C14 | 386.66' | 242.77' | 238.80' | S 22°37'04" E | 35°58'78" |
| C15 | 60.00' | 314.16' | 60.00' | S 02°21'41" E | 300°00'00" |
| C16 | 60.00' | 314.16' | 60.00' | S 02°21'41" E | 300°00'00" |
| C17 | 180.00' | 131.67' | 128.70' | N 18°35'39" E | 41°54'40" |
| C18 | 120.00' | 87.78' | 85.83' | N 18°35'38" W | 41°54'37" |
| C19 | 60.00' | 314.16' | 60.00' | N 02°21'41" W | 300°00'00" |
| C20 | 60.00' | 314.16' | 60.00' | N 02°21'41" W | 300°00'00" |
| C21 | 60.00' | 314.16' | 60.00' | N 87°38'19" E | 300°00'00" |
| C22 | 180.00' | 131.66' | 128.75' | N 18°35'38" W | 41°54'37" |
| C23 | 120.00' | 87.78' | 85.84' | N 18°35'38" E | 41°54'43" |
| C24 | 60.00' | 314.16' | 60.00' | N 02°21'41" W | 300°00'00" |
| C25 | 180.00' | 282.73' | 254.55' | S 42°38'09" W | 89°59'39" |
| C26 | 60.00' | 314.16' | 60.00' | N 02°21'41" W | 300°00'00" |
| C27 | 180.00' | 218.90' | 205.60' | S 32°26'30" E | 69°40'39" |
| C28 | 180.00' | 346.59' | 295.48' | N 57°31'19" E | 110°19'25" |
| C29 | 180.00' | 277.29' | 250.67' | N 41°46'13" W | 88°15'48" |
| C30 | 60.00' | 314.16' | 60.00' | S 02°21'41" E | 300°00'00" |
| C31 | 60.00' | 314.16' | 60.00' | S 01°18'36" E | 300°00'00" |
| C32 | 470.00' | 39.52' | 39.51' | S 88°54'04" W | 4°49'04" |
| C33 | 530.00' | 44.56' | 44.55' | N 88°54'04" E | 4°49'04" |
| C34 | 235.00' | 248.90' | 237.42' | S 27°58'50" W | 60°41'01" |
| C35 | 120.00' | 188.50' | 169.71' | S 42°38'19" W | 90°00'00" |
| C36 | 120.00' | 145.93' | 137.10' | N 32°28'38" E | 69°40'38" |
| C37 | 120.00' | 231.06' | 198.98' | S 57°31'21" E | 110°19'21" |
| C38 | 120.00' | 184.86' | 167.11' | S 41°46'13" W | 88°15'48" |
| C39 | 150.00' | 231.07' | 208.89' | S 41°46'13" W | 88°15'48" |
| C40 | 150.00' | 288.82' | 248.23' | S 57°31'21" E | 110°19'21" |
| C41 | 150.00' | 182.42' | 171.38' | N 32°28'38" E | 69°40'39" |
| C42 | 450.00' | 17.40' | 17.40' | N 01°34'19" W | 1°34'45" |
| C43 | 450.00' | 16.78' | 310.76' | N 19°23'00" E | 40°19'53" |
| C44 | 450.00' | 174.00' | 321.76' | S 18°36'05" W | 41°53'43" |
| C45 | 100.00' | 73.15' | 71.53' | N 71°24'23" W | 41°54'37" |
| C46 | 150.00' | 107.29' | 107.29' | S 18°35'38" W | 41°54'37" |
| C47 | 150.00' | 109.72' | 107.29' | N 18°35'38" E | 41°54'37" |
| C48 | 150.00' | 235.62' | 212.13' | S 42°38'19" W | 90°00'00" |
| C49 | 500.00' | 42.04' | 42.03' | S 88°54'04" W | 4°49'04" |
| C50 | 70.00' | 99.05' | 90.99' | S 47°05'04" W | 81°04'29" |
| C51 | 170.00' | 177.95' | 169.94' | S 27°37'35" W | 59°58'32" |
| C52 | 75.00' | 118.98' | 105.48' | S 42°08'09" W | 89°21'48" |

| LINE | BEARING | DISTANCE |
|---|---|---|
| L1 | N 46°13'47" W | 20.89' |
| L2 | N 41°46'13" E | 21.21' |
| L3 | N 47°21'41" W | 21.53' |
| L4 | S 42°38'19" W | 21.21' |
| L5 | N 47°21'41" W | 21.21' |
| L6 | S 42°38'19" W | 21.21' |
| L7 | N 47°21'41" W | 21.21' |
| L8 | N 42°38'19" E | 21.21' |
| L9 | N 47°21'41" W | 21.21' |
| L10 | S 42°38'19" W | 21.21' |
| L11 | N 47°21'41" W | 21.21' |
| L12 | N 42°38'19" E | 21.21' |
| L13 | N 47°21'41" W | 21.21' |
| L14 | N 42°38'19" E | 21.21' |
| L15 | N 47°21'41" W | 21.21' |
| L16 | N 42°38'19" E | 21.21' |
| L17 | N 47°21'41" W | 21.21' |
| L18 | N 42°38'19" E | 21.21' |
| L19 | N 47°21'41" W | 21.21' |
| L20 | N 42°38'19" E | 22.33' |
| L21 | N 47°21'41" W | 21.21' |
| L22 | N 42°38'48" E | 21.22' |
| L23 | N 47°21'14" W | 21.21' |
| L24 | N 47°38'46" E | 21.21' |
| L25 | S 47°21'41" E | 21.22' |
| L26 | S 42°38'48" W | 21.22' |
| L27 | S 47°21'41" E | 21.21' |
| L28 | S 42°38'46" W | 17.82' |
| L29 | S 18°13'00" E | 17.82' |
| L30 | N 79°38'52" E | 23.25' |
| L31 | S 43°37'25" E | 13.95' |
| L32 | S 42°38'19" W | 21.21' |
| L33 | S 47°21'41" E | 21.21' |
| L34 | S 47°21'41" E | 21.21' |
| L35 | S 47°21'41" E | 21.21' |
| L36 | S 42°38'19" W | 21.21' |
| L37 | S 47°21'41" E | 21.21' |
| L38 | N 42°38'19" E | 21.21' |
| L39 | N 47°21'41" W | 21.21' |
| L40 | N 42°38'19" E | 21.21' |
| L41 | N 47°21'41" W | 21.21' |
| L42 | N 42°38'19" E | 21.21' |
| L43 | N 47°21'41" W | 21.21' |

| LINE | BEARING | DISTANCE |
|---|---|---|
| L44 | N 42°38'19" E | 21.21' |
| L45 | N 42°38'19" E | 21.21' |
| L46 | N 47°21'41" W | 21.21' |
| L47 | N 42°38'19" E | 21.21' |
| L48 | N 46°13'47" W | 20.89' |
| L49 | S 41°46'13" W | 21.21' |
| L50 | N 42°38'19" E | 21.53' |
| L51 | S 47°21'41" E | 21.21' |
| L52 | S 42°38'19" W | 21.21' |
| L53 | S 47°21'41" E | 21.21' |
| L54 | S 42°38'19" W | 21.21' |
| L55 | S 47°21'41" E | 21.21' |
| L56 | S 42°38'19" W | 21.21' |
| L57 | N 47°21'41" W | 21.21' |
| L58 | N 42°38'19" E | 21.21' |
| L59 | S 47°21'41" E | 21.21' |
| L60 | N 42°38'19" E | 21.21' |
| L61 | N 47°21'41" W | 21.21' |
| L62 | N 42°38'19" E | 21.21' |
| L63 | N 47°21'41" W | 21.21' |
| L64 | S 42°38'19" W | 21.21' |
| L65 | N 47°21'41" W | 21.21' |
| L66 | N 42°38'19" E | 21.21' |
| L67 | N 47°21'41" W | 21.21' |
| L68 | N 42°38'19" E | 21.21' |
| L69 | N 47°21'41" W | 21.21' |
| L70 | S 42°38'19" W | 21.21' |
| L71 | S 47°21'41" E | 21.21' |
| L72 | S 47°21'41" E | 21.21' |
| L73 | N 42°38'19" E | 21.21' |
| L74 | N 46°13'47" W | 20.89' |
| L75 | N 50°27'03" W | 23.57' |
| L76 | S 02°20'28" E | 33.34' |
| L77 | S 02°21'41" E | 23.27' |
| L78 | N 02°21'41" W | 124.82' |
| L79 | S 87°38'19" W | 99.04' |
| L80 | S 87°38'19" W | 150.00' |
| L81 | N 87°38'19" E | 99.04' |
| L82 | S 87°38'19" W | 150.00' |
| L83 | S 87°38'19" W | 99.04' |
| L84 | S 87°38'19" W | 150.00' |
| L85 | S 87°38'19" W | 99.04' |


SECTION 2





SECTION 1

CAMINO REAL


VICINITY MAP
N.T.S.
CLEVELAND
HWY 105
HWY 321
F.M. 1010
county rd. 325
county rd. 330
county rd. 331
county rd. 337
BELLA VISTA
RANCHO SAN VICENTE
PLUM GROVE
FM 2090
CAMINO REAL
MONTEBELLO
GRAND SAN JACINTO

OWNER:
Colony Ridge Development, L.L.C.
1712 North Frazier, Ste. 216

SURVEYOR:
Texas Professional Surveying, L.L.C.
3032 N. Frazier St., Suite A


Exhibit D    1-of-2

Case 4:23-cv-04729    Document 185    Filed 04/03/26 in TXSD    Page 24 of 49

to a public sewer system or to an on-site wastewater system, which has been approved and permitted by Liberty County.

No structure in this subdivision shall be occupied until connected to an individual water supply, state approved community water system, or engineered rainwater collection system.

Quadvest Water and Sewer Utility, an approved public water supply system, has adequate quantity to supply the subdivision and provisions have been made to provide service to each lot in accordance with the policies of the water system.

**Bartlett**
Water Supply Representative

All drainage easements shown hereon shall be kept clear of



6 PGS
WAR

2015023095

## SPECIAL WARRANTY DEED

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

**Date:**         December 15 , 2015

**Grantor:**      COLONY RIDGE DEVELOPMENT, LLC, a Texas limited liability company

**Grantor's Mailing Address:**      P.O. Box 279, Fresno, Texas  77545 (Fort Bend County)

**Grantee:**      QUADVEST, LP, a Texas limited partnership

**Grantee's Mailing Address:**      P.O. Box 409, Tomball, Texas 77377

**Consideration:**

The sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration to the undersigned in hand paid by Grantee herein named, the receipt of which is hereby acknowledged

**Property (including any improvements):**

Being a 2.56 acre tract of land, being comprised of a 0.30 acre portion of Lot Forty-Five (45), Block Two (2), of CAMINO REAL, SECTION TWO (2), according to the Map or Plat recorded in County Clerk's File No. 2015012997, of the Official Public Records of Liberty County, Texas, and all of Reserve D of CAMINO REAL, SECTION TWO (2), said 2.56 acre tract being more particularly described by metes and bounds in Exhibit "A" attached hereto and made a part hereof.

**Reservations from and Exceptions to Conveyance and Warranty:**

This conveyance is made and accepted subject to the following matters, to the extent same are in effect at this time: any and all restrictions, covenants, conditions and easements, if any, relating to the herein above described property, but only to the extent they are still in effect, shown of record in the herein above mentioned County and State, and to all zoning laws, regulations and ordinances of municipal and/or other governmental authorities, if any, but only to the extent that they are still in effect, relating to the herein above described property.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through, or under Grantor, but not otherwise, except as to the reservations from and exceptions to warranty.

When the context requires, singular nouns and pronouns include the plural.

Exhibit   E   1-of-6

EXECUTED on the date first above written.

COLONY RIDGE DEVELOPMENT, LLC,
a Texas limited liability company, by its Manager
T-REX MANAGEMENT, INC., a Texas corporation

By:_____
     John Harris, President

THE STATE OF TEXAS      )
                             )
COUNTY OF Montgomery )

    This instrument was acknowledged before me on the 15th day of December, 2015, by John Harris, President of T-REX MANAGEMENT, INC., a Texas corporation, as Manager of COLONY RIDGE DEVELOPMENT, LLC, a Texas limited liability company, on behalf of said company.



DAMARIS WATSON
Notary Public, State of Texas
My Commission Expires
April 13, 2016

_____
Notary Public in and for the
State of Texas

**AFTER RECORDING RETURN TO:**
Prepared in the Law Office of Beard & Lane, P.C.
12841 Jones Road, Suite 100
Houston, Texas 77070

Telephone: (281) 897-8848
Email: beardtx@swbell.net

2

Exhibit E    2-of 6



# TEXAS PROFESSIONAL SURVEYING, LLC.

### 3032 N. FRAZIER STREET, CONROE, TEXAS 77303
### (936)756-7447    FAX (936)756-7448
### FIRM REGISTRATION No. 100834-00

### FIELD NOTE DESCRIPTION
### 2.56 ACRE TRACT
### RESERVE D2, SANITARY
### IN THE ANN HOLSHOUSEN SURVEY, ABSTRACT NO. 208
### LIBERTY COUNTY, TEXAS

BEING a 2.56 acre tract of land, being comprised of a 0.30 acre portion of Lot 45, Block 2, of Camino Real, Section Two, a subdivision in Liberty County, Texas, map of said subdivision recorded under Clerk's File Number 2015-012997 of the Official Public Records of Liberty County, Texas, (O.P.R.L.C.T.), and all of Reserve D, of said Camino Real, situated in the Ann Holshousen Survey, Abstract No. 208, Liberty County, Texas, said 2.56 acre tract being more particularly described by metes and bounds as follows:

**BEGINNING** at a ½ inch iron rod with cap stamped "TPS 100834-00" found in the northerly east line of Reserve C, of said Camino Real, for the southwest corner of Lot 44 of said Block 2, being the northwest corner of said 0.30 acre tract, also being the most easterly northwest corner of the herein described 2.56 acre tract;

THENCE North 87°38'19" East, 179.94 feet, with the southerly line of said Lot 44, the northerly line of said 0.30 acre tract, to a ½ inch iron rod with cap stamped "TPS 100834-00" set for the northeasterly corner of said 0.30 acre tract, the northwesterly corner of the remainder of Lot 45 of said Block 2, also being the most northerly northeast corner of the herein described 2.56 acre tract;

THENCE South 02°21'41" East, 65.00 feet, with the easterly line of said 0.30 acre tract, the westerly line of said Lot 45, to a ½ inch iron rod with cap stamped "TPS 100834-00" set in the northerly line of said Reserve D, for the southeasterly corner of said 0.30 acre tract, the southwesterly corner of said Lot 45, being an interior corner of the herein described 2.56 acre tract;

THENCE North 87°38'19" East, 120.04 feet, with the northerly line of said Reserve D, the southerly line of said Lot 45, to a ½ inch iron rod with cap stamped "TPS 100834-00" found in the southerly line of said Lot 45, for the most westerly northeast corner of said Reserve D, being the northwesterly corner of Lot 46 of said Block 2, also being an interior corner of the herein described 2.56 acre tract;

THENCE South 02°21'41" East, 195.00 feet, with the westerly line of said Lot 46, Lot 47 and Lot 48 of said Block 2, the most westerly east line of said Reserve D, to a ½ inch iron rod with cap stamped "TPS 100834-00" found for the southwesterly corner of said Lot 48, being an interior corner of said Reserve D and the herein described 2.56 acre tract;

THENCE North 87°38'19" East, 360.46 feet, with the southerly line of said Lot 48, the most easterly north line of said Reserve D, to a ½ inch iron rod found in the westerly right-of-way of Lima Ct., (60 feet wide), a cul-de-sac having a radius of 60 feet, for the most southerly southeast corner of said Lot 48, being the most easterly northeast corner of said Reserve D and the herein described 2.56 acre tract;

Page 1 of 2

Exhibit E    3- of 6

THENCE Southerly, with the easterly line of said Reserve D, along the westerly right-of-way of said Lima Ct., an arc distance of 40.78 feet, having a delta angle of 38°56'33", with a chord bearing of South 02°21'41" East, and chord distance of 40.00 feet, to a ½ inch iron rod with cap stamped "TPS 100834-00" found for the most northerly northeast corner of Lot 49 of said Block 2, being the southeasterly corner of said Reserve D and the herein described 2.56 acre tract;

THENCE South 87°38'19" West, 741.77 feet, with the northerly line of said Lot 49, the southerly line of said Reserve D, to a ½ inch iron rod with cap stamped "TPS 100834-00" found in the easterly line of said Reserve C, for the northwesterly corner of said Lot 49, being the southwesterly corner of said Reserve D and the herein described 2.56 acre tract;

THENCE North 02°46'43" West, 5.00 feet, with the easterly line of said Reserve C, the westerly line of said Reserve D, to a ½ inch iron rod with cap stamped "TPS 100834-00" found for an angle break of said Reserve C, said Reserve D, and the herein described 2.56 acre tract;

THENCE North 19°32'48" East, 81.40 feet, with the easterly line of said Reserve C, the westerly line of said Reserve D, to a ½ inch iron rod with cap stamped "TPS 100834-00" found for an angle break of said Reserve C, said Reserve D, and the herein described 2.56 acre tract;

THENCE North 01°49'03" East, 63.91 feet, with the easterly line of said Reserve C, the westerly line of said Reserve D, to a ½ inch iron rod with cap stamped "TPS 100834-00" found for an angle break of said Reserve C, said Reserve D, and the herein described 2.56 acre tract;

THENCE North 16°53'41" West, 93.74 feet, with the easterly line of said Reserve C, the westerly line of said Reserve D, to a ½ inch iron rod with cap stamped "TPS 100834-00" found for an interior corner of said Reserve C, being the northwesterly corner of said Reserve D, and being the most westerly northwest corner of the herein described 2.56 acre tract;

THENCE North 87°38'19" East, 34.20 feet, with the most easterly south line of said Reserve C, the most westerly north line of said Reserve D, to a ½ inch iron rod with cap stamped "TPS 100834-00" found for the most northerly southeast corner of said Reserve C, being the southwesterly corner of said 0.30 acre tract, and being an interior corner of the herein described 2.56 acre tract;

THENCE North 26°23'30" East, 74.14 feet, with the most northerly east line of said Reserve C, the westerly line of said 0.30 acre tract, to the **POINT OF BEGINNING;**

CONTAINING a computed area of 2.56 acres of land within this Field Note Description.

This Field Note Description was prepared from a survey performed on the ground on October 30, 2015 by Texas Professional Surveying, LLC., Registered Professional Land Surveyors and is referenced to Survey Drawing Project Number caminosewer plantesmt.

Bearings recited hereon are based on the recorded plat of said Camino Real.

November 5, 2015
Date

Carey A. Johnson
R.P.L.S. No. 6524

Page 2 of 2

Exhibit E        4- of 6



Exhibit E     5-of-6

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

*Paulette Williams*

Paulette Williams, County Clerk
Liberty County, Texas
December 18, 2015  02:12:18 PM
FEE: $32.00 KCOLLINS     **2015023095**
WAR

Exhibit E  6-of-6

 Gmail                                          Maria Acevedo <mmacevedo72@gmail.com>

## Camino Real, San Jacinto, Bella Vista water treatment plant
13 messages

**Maria Acevedo** <mmacevedo72@gmail.com>                    Mon, Oct 2, 2023 at 2:56 PM
To: <craig.stowell@tceq.texas.gov>

Please send me all documents pertaining to PWS Camino Real etc

---

**Maria Acevedo** <mmacevedo72@gmail.com>                    Mon, Oct 2, 2023 at 3:21 PM
To: <craig.stowell@tceq.texas.gov>

Please make sure I get copies of everything we discussed, thank you
[Quoted text hidden]

---

**Craig Stowell** <Craig.Stowell@tceq.texas.gov>             Mon, Oct 2, 2023 at 3:51 PM
To: Maria Acevedo <mmacevedo72@gmail.com>

 Here are the two letters for Camino Real and the one referenced for the distribution system for Camino Real. One is the well approval for Camino Real. I also attached the four well approvals for Bella Vista and Grand San Jacinto. These three systems are all Quadvest systems:

| PWS ID | PWS Name | Central Registry RN |
|---|---|---|
| TX1460179 | GRAND SAN JACINTO WATER SYSTEM | RN107146904 |
| PWS ID | PWS Name | Central Registry RN |
| TX1460196 | CAMINO REAL | RN111122024 |
| PWS ID | PWS Name | Central Registry RN |
| TX1460175 | BELLA VISTA | RN106822463 |

Number of Connections in DWW :

1635, 1205, 728 Total = 3,568 connections

Capacity required 0.6 times 3,568 = 2141 gpm

Wells capacity approved = 503 (SJ Well 1), 528 (SJ well 2), 540 (CR Well 1), 540 (BV Well 1) and 216 (BV Well 2)=2,327 gpm

Exhibit F    1-of 18

2,327 gpm/0.6 gpm per connection = 3,878 connections good for 155 more connections.

Case 4:23-cv-04729   Document 185   Filed 04/03/26 in TXSD   Page 32 of 49




Did not find an interconnect approval but since they are owned by the same system, some believe it is not required but they should get an interconnection approval since they have different PWS IDs.

Source Assessment viewer:

https://tceq.maps.arcgis.com/apps/webappviewer/index.html?id=217028ea4a01485f87db4d22aec72755

# **Groundwater Conservation Districts**

https://www.twdb.texas.gov/groundwater/conservation_districts/

Craig A. Stowell, P.E., Team Leader

Texas Commission on Environmental Quality

Water Supply Division

Plan Review Team, MC-159

P.O. Box 13087

Austin, Texas 78711-3087

512-239-4633

**How is our customer service?** Fill out our online customer satisfaction survey at www.tceq.texas.gov/customersurvey.

[Quoted text hidden]
P-08182021-134.pdf, P-02032017-018.docx, P-09172020-111.pdf, P-01052018-021.pdf, P-05102017-059.pdf, PWS_1460179_CO_20160606_Plan Ltr.PDF, P-12142015-082.pdf

---

**Craig Stowell** <Craig.Stowell@tceq.texas.gov>                      Mon, Oct 2, 2023 at 3:54 PM
To: Maria Acevedo <mmacevedo72@gmail.com>

310 connections not 155.

[Quoted text hidden]

---

**Craig Stowell** <Craig.Stowell@tceq.texas.gov>                      Mon, Oct 2, 2023 at 4:09 PM
To: Maria Acevedo <mmacevedo72@gmail.com>
Cc: Joel Klumpp <joel.klumpp@tceq.texas.gov>

Exhibit F   2-0f-18

Jon Niermann, *Chairman*

Emily Lindley, *Commissioner*

Bobby Janecka, *Commissioner*

Toby Baker, *Executive Director*



PWS_1460196_CO_20201117_Plan Ltr

# TEXAS COMMISSION ON ENVIRONMENTAL QUALITY

*Protecting Texas by Reducing and Preventing Pollution*

November 17, 2020

Mr. Mark L. Urback, P.E.
Quadvest, L.P.
26926 FM 2978
Magnolia, Texas 77354

Re:   Camino Real – Public Water System ID No. 1460196
      Proposed Wells ( Well No. 1 and 2) and Water Plant
      Engineer Contact Telephone: (281) 356-5347
      Plan Review Log No. P-09172020-111
      Liberty County, Texas

      CN602944746; RN111122024

Dear Mr. Urback:

On September 17, 2020, the Texas Commission of Environmental Quality (TCEQ) received planning material with your letter dated September 9, 2020 for the proposed wells and water plant for the above referenced public water system.

The existing Camino Real subdivision is served by the adjacent Grande San Jacinto public water system (PWS No. 1460179) which is owned and operated by Quadvest, L.P (same owner). Your submittal stated the Camino Real subdivision has developed to the point that a dedicated water plant and public water system is warranted, and you requested the water system be approved as a stand-alone system. The interconnect with Grande San Jacinto will continued to be used to provide an emergency interconnect between the two public water systems.

Based on our review of the information submitted, the project generally meets the minimum requirements of Title 30 Texas Administrative Code (TAC) Chapter 290 – Rules and Regulations for Public Water Systems and is **conditionally approved for construction** if the project meets the following requirements:

1.  Corrosive indices will be used to calculate corrosivity of the water from new source(s). Corrosive or aggressive water could result in aesthetic problems, increased levels of toxic metals, and deterioration of household plumbing and fixtures. **If the water appears to be corrosive**, the system will be required to conduct a study and submit an engineering report that addresses corrosivity issues or may choose to install corrosion control treatment **before use may be granted.** All changes in treatment require submittal of plans and specifications for approval by TCEQ.

2.  As required in 30 TAC Section 290.41(c)(3)(c), the driller shall utilize a pressure cementation method in accordance with the most current AWWA Standard for Water Wells (A100), Appendix C: Section C.2 (Positive Displacement Exterior Method); Section C.3 (Interior Method Without Plug); Section C.4 (Positive Placement, Interior Method, Drillable Plug); and Section C.5 (Placement Through Float Shoe Attached to Bottom of Casing).

3.  Protective paint or coating shall be applied to the inside portion of any pressure tank. The coating shall be as specified in 30 TAC Section 290.43 (c)(8).

Mr. Mark L. Urback, P.E.
Page 2
November 17, 2020

Texas Water Code Section 36.0015 allows for the creation of groundwater conservation districts (GCDs) as the preferred method of groundwater management. GCDs manage groundwater in many counties and are authorized to regulate production and spacing of water wells. **Public water systems drilling wells within an existing GCD are responsible for meeting the GCD's requirements.** The authorization provided in this letter does not affect GCD authority to manage groundwater or issue permits.

**The design engineer or water system representative is required to notify the Plan Review Team in writing by fax at (512) 239-6972 or by emailing pritesh.tripathi@tceq.texas.gov and cc: vera.poe@tceq.texas.gov at least 48 hours before the well casing pressure cementing begins.** If pressure cementing is to begin on Monday, then they must give notification on the preceding Thursday. If pressure cementing is to begin on Tuesday, then they must give notification on the preceding Friday.

**The TCEQ does not approve these wells for use as a public water supply at this time.** We have enclosed a copy of the "Public Well Completion Data Checklist for Interim Approval (Step 2)". We provide this checklist to help you in obtaining approval to use this well.

The submittal consisted of 12 sheets of engineering drawings, technical specifications and an engineering summary. The proposed project consists of:

- Two (2) public water supply wells, each drilled to 530 feet with 485 linear feet (lf) of 10-inch outside diameter (od) pressure cemented steel casing;
- 45 lf of 10-inch od slot stainless steel screen;
- Each well is rated for 700 gallons per minute (gpm) yield with a 60-horsepower submersible pump set at 287 feet below ground level. The design capacity of the pump is 700 gpm at 266 feet total dynamic head (tdh);
- Two (2) 102,000-gallon factory coated bolted galvanized steel American Water Works Association D103 standard ground storage tanks;
- Two (2) 15,000-gallon American Society of Mechanical Engineers code hydropneumatic water pressure tanks;
- Hypochlorite disinfection system for each well consisting of an 85 gallons per day peristaltic metering pump at a discharge pressure of 100 psi and a 250-gallon HDPE hypochlorite storage tank with containment;
- Four (4) 75 hp booster pumps, each rated 1,000 gpm at 150 ft. tdh;
- Intruder resistance fences surrounding wells and water plant;
- One 350 kW diesel powered generator with sound attenuating weather protective enclosure and automatic transfer switch;
- All weather access road; and
- Related Valves, fittings and appurtenances.

This approval is for the construction of the above listed items only. Any wastewater components contained in this design were not considered.

The Camino Real public water system provides water treatment.
Your letter stated the distribution system to serve Camino Real Subdivision was approved for construction by TCEQ's letter dated April 6, 2017 (TCEQ Log No. P-02032017-018) under Bella Vista (PWS 1460175).

The authorization provided in this letter does not relieve a Public Water System from the need to comply with other applicable state and federal regulations.
The project is located approximately 1.25 miles southeast of the intersection of South Tram Road and FM 2090 in Liberty County, Texas.

An appointed engineer must notify the TCEQ's Region 12 Office in Houston at (713) 767-3500 when construction will start. Please keep in mind that upon completion of the water works project, the engineer or owner will notify the commission's Water Supply Division, in writing, as

Exhibit F    4-of 18

Mr. Mark L. Urback, P.E.
Page 3
November 17, 2020

to its completion and attest to the fact that the completed work is substantially in accordance with the plans and change orders on file with the commission as required in 30 TAC §290.39(h)(3).

Please refer to the Plan Review Team's Log No. **P-09172020-111** in all correspondence for this project.

Please complete a copy of the most current Public Water System Plan Review Submittal form for any future submittals to TCEQ. Every blank on the form must be completed to minimize any delays in the review of your project. The document is available on TCEQ's website at the address shown below. You can also download the most current plan submittal checklists and forms from the same address.

https://www.tceq.texas.gov/drinkingwater/udpubs.html

For future reference, you can review part of the Plan Review Team's database to see if we have received your project. This is available on TCEQ's website at the following address:

https://www.tceq.texas.gov/drinkingwater/planrev.html/#status

You can download the latest revision of 30 TAC Chapter 290 – <u>Rules and Regulations for Public Water Systems</u> from this site.

If you have any questions concerning this letter or need further assistance, please contact Pritesh Tripathi at (512)239-3794 or by email at pritesh.tripathi@tceq.texas.gov or by correspondence at the following address:

Plan Review Team, MC-159
Texas Commission on Environmental Quality
P.O. Box 13087
Austin, Texas 78711-3087

Sincerely,

John Lock, P.E.
Plan Review Team
Plan and Technical Review Section
Water Supply Division
Texas Commission on Environmental Quality

Vera Poe, P.E., Team Leader
Plan Review Team
Plan and Technical Review Section
Water Supply Division
Texas Commission on Environmental Quality

VP/JL/PT/av

Enclosure:    "Public Well Completion Data Checklist for Interim Approval (Step 2)"

cc:    Camino Real - Attn: Simon Sequeira, President, 26926 FM 2978, Magnolia, TX 77354

Exhibit  F    5- of 18

Mr. Mark L. Urback, P.E.
Page 4
November 17, 2020

bcc: TCEQ Central Records PWS File 1460196 (P-09172020-111/Camino Real)
TCEQ Region No. 12 Office – Houston
TCEQ PWSINV, MC-155

Exhibit F 6-of 18

# Public Well Completion Data Checklist for Approval to Use (Step 2)

Texas Commission on Environmental Quality
Water Supply Division
Plan Review Team MC-159
P.O. Box 13087, Austin, Texas 78711-3087

Public Water System I.D. No._____
TCEQ Log No. P-_____

The following list is a brief outline of the "Rules for Public Water Systems", 30 TAC Chapter 290 regarding proposed Water Supply Well Completion. Failure to submit the following items may delay project approval. Copies of the rules may be obtained from Texas Register, 1019 Brazos St, Austin, TX, 78701-2413, Phone: (512) 463-5561 or downloaded from the website: http://www.tceq.texas.gov/rules/indxpdf.html

Any well proposed as a source of water for a public water supply must have plans approved for construction by TCEQ. Please include the well construction approval letter with your submittal of well completion data listed below for TCEQ evaluation. Based on review of this submitted data, approval may be given for use of the well.

1. ☐ Site map(s) at appropriate scales showing the following: [§290.41(c)(3)(A)]
   - ☐ (i) Final location of the well with coordinates;
   - ☐ (ii) Named roadways;
   - ☐ (iii) All property boundaries within 150 feet of the final well location and the property owners' names;
   - ☐ (iv) Concentric circles with the final well location as the center point with radii of 10 feet, 50 feet, 150 feet, and ¼ mile;
   - ☐ (v) Any site improvements and existing buildings;
   - ☐ (vi) Any existing or potential pollution hazards; and
   - ☐ (vii) Map must be scalable with a north arrow.
2. ☐ A copy of the recorded deed of the property on which the well is located showing the Public Water System (PWS) as the landowner, and/or any of the following: [§290.41(c)(1)(F)(iv)]
   - ☐ (i) Sanitary control easements (filed at the county courthouse and bearing the county clerk's stamp) covering all land within 150 feet of the well not owned by the PWS (for a sample easement see TCEQ Form 20698);
   - ☐ (ii) For a political subdivision, a copy of an ordinance or land use restriction adopted and enforced by the political subdivision which provides an equivalent or higher level of sanitary protection to the well as a sanitary control easement; and/or
   - ☐ (iii) A copy of a letter granting an exception to the sanitary control easement rule issued by TCEQ's Technical Review and Oversight Team.
3. ☐ Construction data on the completed well: [§290.41(c)(3)(A)]
   - ☐ (i) Final installed pump data including capacity in gallons per minute (gpm), total dynamic head (tdh) in feet, motor horsepower, and setting depth;
   - ☐ (ii) Bore hole diameter(s) (must be 3" larger than casing OD) and total well depth;
   - ☐ (iii) Casing size, length, and material (e.g. 200 lf of 12" PVC ASTM F480 SDR-17);
   - ☐ (iv) Length and material of any screens, blanks, and/or gravel packs utilized;
   - ☐ (v) Cementing depth and pressure method (one of the methods in latest revision of AWWA Standard A-100, Appendix C, excluding the dump bailer and tremie methods);
   - ☐ (vi) Driller's geologic log of strata penetrated during the drilling of the well;
   - ☐ (vii) Cementing certificate; and

Exhibit F    7- of 18

# Public Well Completion Data Checklist for Approval to Use (Step 2)

☐ (viii) Copy of the official State of Texas Well Report (some of the preceding data is included on the Well Report).

4. ☐ A U.S. Geological Survey 7.5-minute topographic quadrangle map (include quadrangle name and number) or a legible copy showing the location of the completed well; [§290.41(c)(3)(A)]

5. ☐ Record of a 36-hour continuous pump test on the well showing stable production at the well's rated capacity. Include the following: [§290.41(c)(3)(G)]
    ☐ (i) Test pump capacity in gpm, tdh in feet, and horsepower of the pump motor;
    ☐ (ii) Test pump setting depth;
    ☐ (iii) Static water level (in feet); and
    ☐ (iv) Draw down (in feet).

6. ☐ Three bacteriological analysis reports for samples collected on three successive days showing raw well water to be free of coliform organisms. Reports must be for samples of raw (untreated) water from the disinfected well and submitted to a laboratory accredited by TCEQ, accredited to perform these test; and [§290.41(c)(3)(F)(i)]

7. ☐ Chemical analysis reports for well water samples showing the water to be of acceptable quality for the most problematic contaminants listed below. Reports must come from a laboratory accredited by TCEQ; accredited to perform these tests. Maximum contaminant level (MCL) and secondary constituent level (SCL) units are in milligrams per liter (except arsenic which is in micrograms per liter). [§290.41(c)(3)(G) and §290.104 and §290.105]

## Table 1: Primary Constituents with Maximum Contaminant Level (MCL)

| PRIMARY | MCL |
| --- | --- |
| Nitrate | 10 (as N) |
| Nitrite | 1 (as N) |
| Arsenic | 10 |
| Fluoride | 4.0 |

## Table 2: Secondary Constituents with Secondary Contaminant Level (SCL)

| SECONDARY | SCL |
| --- | --- |
| Aluminum | 0.2 |
| Copper | 1.0 |
| Iron | 0.3 |
| Manganese | 0.05 |
| Zinc | 5.0 |
| Total Dissolved Solids | 1,000 |
| Fluoride | 2.0 |
| Sulfate | 300 |
| Chloride | 300 |
| pH | > 7.0 |

# Public Well Completion Data Checklist for Approval to Use (Step 2)
## Table 3: Water Quality Parameters

| PARAMETER | UNITS |
|---|---|
| Alkalinity as CaCO3 | mg/L |
| Calcium as CaCO3 | mg/L |
| Sodium | mg/L |
| Lead* | mg/L |

Lead is regulated by the lead and copper rule. This analyte is to document the amount of lead in the source water. The level shall be less than 0.010 mg/L for approval to use.

All systems located in a high-risk county (see page 3) shall submit radiological analysis reports for water samples showing the water to be of acceptable quality for the contaminants listed below. Reports must come from a TCEQ accredited laboratory for approval to use of the well.

## Table 4: Radionuclides with Maximum Contaminant Level (MCL)

| CONTAMINANT | MCL |
|---|---|
| Gross alpha | 15 pCi/L |
| Radium-226/228 | 5 pCi/L |
| Beta particle | 50 pCi/L |
| Uranium | 30 µg/L |

WHERE: pCi/L = pico curies per liter, µg/L = micrograms per liter

Please be aware when you review your radiological data that if the report has gross alpha over 15 pCi/L and individual uranium isotopes are not reported, you will have to resample or reanalyze and resubmit radionuclide results. If you see gross alpha plus radium-228 over 5 pCi/L, and don't have radium-226, you will have to resample or reanalyze and resubmit complete results.

## List of Counties Where Radionuclide Testing Is required

Please be aware that we have added the requirement for analysis for radionuclides for high risk counties. For elevated levels of any contaminants found in a test well, treatment or blending may be required.

## Table 5: List of Counties where Radionuclide Testing is required

| COUNTY | | | | |
|---|---|---|---|---|
| Atascosa | Bandera | Bexar | Bosque | Brazoria |
| Brewster | Burnet | Concho | Culberson | Dallam |
| Dawson | Erath | Fort Bend | Frio | Garza |
| Gillespie | Gray | Grayson | Harris | Hudspeth |
| Irion | Jeff Davis | Jim Wells | Kendall | Kent |
| Kerr | Kleberg | Liberty | Llano | Lubbock |
| McCulloch | Mason | Matagorda | Medina | Midland |
| Montgomery | Moore | Parker | Pecos | Polk |
| Presidio | Refugio | San Jacinto | San Saba | Tarrant |
| Travis | Tyler | Upton | Val Verde | Victoria |
| Walker | Washington | Wichita | Williamson | Zavala |

Exhibit F - 9 of 18

Jon Niermann, *Chairman*

Emily Lindley, *Commissioner*

Bobby Janecka, *Commissioner*

Toby Baker, *Executive Director*



PWS_1460196_CO_20211018_Plan Ltr

# TEXAS COMMISSION ON ENVIRONMENTAL QUALITY

*Protecting Texas by Reducing and Preventing Pollution*

October 18, 2021

Mr. Mark L. Urback, P.E.
Quadvest, L.P.
26926 FM 2978
Magnolia, Texas 77354

Re:    Camino Real - Public Water System ID No. 1460196
       Well No. 1 Completion Data
       Engineer Contact Telephone: (281) 356-5347
       Plan Review Log No. P-08182021-134
       Liberty County, Texas

       CN602944746; RN111122024

Dear Mr. Urback:

On August 18, 2021, the Texas Commission on Environmental Quality (TCEQ) received Well No. 1 completion material with your letter dated August 13, 2021 for the above referenced public water system. Based on our review of the information submitted, the project generally meets the minimum requirements of Title 30 Texas Administrative Code (TAC) Chapter 290 - Rules and Regulations for Public Water Systems and the constructed well is **approved for use** based on the conditions noted below and may now be **temporarily** placed into service. The well's continued use is contingent upon the following conditions:

1.  A representative of TCEQ's Drinking Water Quality Team will contact the public water system to arrange for the collection of the official chemical samples. It is the water systems responsibility to contact the **Drinking Water Quality Team at (512) 239-4691** if they have not had the official sample collection within **180 days** of the date of this letter.

2.  If official chemical analysis testing confirms that a regulated constituent does not meet primary or secondary standards, additional treatment, blending, or public notice may be required. The Drinking Water Quality Team will notify the water system of any additional special requirements for this public water supply source. Plans for any proposed water treatment and blending must be reviewed and approved by the Plan Review Team.

The well completion data consisted of the following:

- State of Texas Well Report (Tracking No. 579115);
- Well Latitude and Longitude:  Lat. 30°12'22.88" N; Long. 095°04'03.54" W
- Driller's log (geologic log and material setting report).
- Cementing certificate;
- 36-hour pumping test results;
- Executed and recorded sanitary control easement;

Exhibit F    10-of-18

Mr. Mark L. Urback, P.E.
Page 2
October 18, 2021

- U. S. Geological Survey 7.5 minute map showing the well location;
- Three bacteriological sampling results showing no coliform contamination from Chaparral Lab., Inc. on June 1, 2021, June 2, 2021 and June 3, 2021 and,
- Chemical analysis results from Chaparral Lab., Inc dated June 2, 2021, additional sample results are enclosed:

| Primary Contaminants | | |
|---|---|---|
| Contaminant | MCL (mg/L) | Results |
| Arsenic | 0.01 | <0.003 |
| Fluoride | 4.0 | <0.100 |
| Nitrate | 10 (as N) | 0.0589 |
| Nitrite | 1 (as N) | <0.020 |

| Secondary Contaminants | | |
|---|---|---|
| Contaminant | SCL (mg/L) | Results |
| Aluminum | 0.2 | 0.010 |
| Chloride | 300 | 13.8 |
| Copper | 1.0 | <0.020 |
| Fluoride | 2.0 | <0.100 |
| Iron | 0.3 | 0.036 |
| Manganese | 0.05 | 0.00195 |
| pH | ≥7 (Standard Unit) | 7.8 |
| Sulfate | 300 | 2.2 |
| Total Dissolved Solids | 1,000 | 40.0 |
| Zinc | 5.0 | 0.0205 |

| Radionuclide Contaminants | | |
|---|---|---|
| Contaminant | MCL | Results |
| Gross alpha | 15 pCi/L | 2.1±0.6 |
| Beta Particle | 50 pCi/L | 0.0±0.0 |
| Radium-226/228 | 5 pCi/L | 0.4±0.3/0.5±0.5 |
| Uranium | 30 µg/L | 1.6±0.4 |

| Corrosive Water Parameters | |
|---|---|
| Parameter | Result (mg/L) |
| Alkalinity as $CaCO_3$ | 132.0 |
| Calcium as $CaCO_3$ | 103.37 |
| Sodium | 13.3 |
| Lead | <0.0025 |

The well completion data describes construction of the following:

- One (1) public water supply well drilled to 500 feet with 280 linear feet (lf) of 10-inch outside diameter (od) pressure cemented steel casing;
- 140 lf of 8-inch and 6-inch od stainless steel slot screen, 100 lf of 8-inch and 6-inch od od blank steel liner;
- The well is rated for 540 gallons per minute (gpm) yield with a 60-horsepower submersible pump set at 252 feet below ground level. The design capacity of the pump is 540 gpm at 252 feet total dynamic head.

Exhibit F    17-of 18

Mr. Mark L. Urback, P.E.
Page 3
October 18, 2021

This approval is for the above listed items only. Any wastewater components contained in this design were not considered.

The Camino Real public water system provides water treatment.

The project is located at Lat 30°12'22.88" N 095°04'03.54" W in Liberty County, Texas.

The authorization provided in this letter does not relieve a Public Water System from the need to comply with other applicable state and federal regulations.

Texas Water Code Section 36.0015 allows for the creation of groundwater conservation districts (GCDs) as the preferred method of groundwater management. GCDs manage groundwater in many counties and are authorized to regulate production and spacing of water wells. **Public water systems drilling wells within an existing GCD are responsible for meeting the GCD's requirements.** The authorization provided in this letter does not affect GCD authority to manage groundwater or issue permits.

The well was approved for construction in our November 17, 2020 letter (Plan Review Log No. P-09172020-111).

Please refer to the Plan Review Team's Log No. **P-08182021-134** in all correspondence for this project.

Please complete a copy of the most current Public Water System Plan Review Submittal form for any future submittals to TCEQ. Every blank on the form must be completed to minimize any delays in the review of your project. The document is available on TCEQ's website at the address shown below. You can also download the most current plan submittal checklists and forms from the same address.

https://www.tceq.texas.gov/drinkingwater/udpubs.html

For future reference, you can review part of the Plan Review Team's database to see if we have received your project. This is available on TCEQ's website at the following address:

https://www.tceq.texas.gov/drinkingwater/planrev.html/#status

You can download the latest revision of 30 TAC Chapter 290 – Rules and Regulations for Public Water Systems from this site.

Exhibit F    12-01-18

Mr. Mark L. Urback, P.E.
Page 4
October 18, 2021

If you have any questions concerning this letter or need further assistance, please contact Pritesh Tripathi at (512)239-3794 or by email at pritesh.tripathi@tceq.texas.gov or by correspondence at the following address:

Plan Review Team, MC-159
Texas Commission on Environmental Quality
P.O. Box 13087
Austin, Texas 78711-3087

Sincerely,

John Lock, P.E.
Plan Review Team
Plan and Technical Review Section
Water Supply Division
Texas Commission on Environmental Quality

Vera Poe, P.E., Team Leader
Plan Review Team
Plan and Technical Review Section
Water Supply Division
Texas Commission on Environmental Quality

VP/JL/PT/av

Enclosure:    Sample Results

cc:    Camino Real, Attn: Simon Sequeira, President, 26926 FM 2978, Magnolia, Texas 77354

Exhibit    F    B-of 18

Mr. Mark L. Urback, P.E.
Page 5
October 18, 2021

bcc:    TCEQ Central Records PWS File 1460196 (P-08182021-134/Camino Real)
        TCEQ Region No. 12 Office - Houston
        TCEQ PWSCHEM, MC-155
        TCEQ PWSINV, MC-155

Exhibit F    14 of 18

Case 4:23-cv-04729   Document 185   Filed 04/03/26 in TXSD   Page 45 of 49

Exhibit F B 01 of 18

## TCEQ Microbial Reporting Form

TCEQ Form 10525
03/2017

Water System Identification & Sample Collection Information (Please type or use block print)

**Public Water System ID:** TX | 1460196

**Public Water System Name:** Camino Real

**County:** Liberty

**Report Results To:**

| Name: | JOHNSTON WATER WELL |
| Address: | P.O. Box 370 |
| City: | NEW WAVERLY |
| State: | TX | Zip Code: | 77358 |
| Phone #: | 281-351-5643 | Other Contact: | |

**Sampler Name (Print):** SHANNON MARSH

**Signature:** S

**Operator License #:**

☐ Owner  ☐ Operator  Other:

Falsification of this form or tampering with water samples is a crime punishable under state and/or federal law  (Texas Penal Code, Title 8, Chapter 37.10) By signing this form, the sampler acknowledges that samples were collected according to the system's established sample collection procedures, and that all information is accurate.

### Chaparral Laboratories, Inc.

P.O. Box 1622                861 State Hwy 19
Huntsville, TX 77342      Huntsville, TX 77320

www.chaparrallabs.com  Phone: 936-291-1881  Fax: 936-295-1731

Test Results must meet all accreditation / certification requirements unless stated otherwise

**TCEQ Laboratory ID:** T104704204

#### SHADED AREA FOR LABORATORY USE ONLY

| Sample Iced? | Relinquished By (Sampler) | Date / Time: |
| ☑ Yes ☐ No | | 6/2/21 |
| **Temperature** | Re... | Date / Time: 6/3/21  1410 |
| 11.3 °C | Re... Bodes | Date / Time: 6/3/21  1558 |
| **Corrected Temp** | Re...by | Date / Time: 6/2/21  1558 |
| 11.0 °C | | |

**Lab Comments:**

| Tested By | | Incubation Date & Time |
| | | Begin | End |
| | Date 6/2/21 | Date 6/3/21 |
| Laboratory Approval | Time | Time |
| | Date 06-04-21 | Time 1038 |
| Report to Client | Date 06-04-21 | Time 1038 |

### Lab Results

| Sample Identification/Location | Sample Type : (√ one) | | | | | Collected | | | | Replacement | Sample ID & Date of Originating Sample (All Repeat, Replacement, & Triggered Raw Samples) | Chlorine Residual  Circle "F" for Free, "T" for Total. (mg/L) | Rejection Code (if applicable) - Please Resubmit | Test Method: | SM 9223 | | | | | Laboratory Sample ID Number |
| Use Specific Address / Location Identified in Sample Siting Plan  Raw Wells - Use Source ID for Well Sampled (Example: G1234567A) | Routine (Distribution) | Repeat | Raw Well | Special | Construction | Month | Day | Year | Please circle AM or PM | | | | | Chlorine √ | | Total Coliform | | E. Coli | | |
| | | | | | | | | | | | | | | Absent | Present | Absent | Present | Absent | Present | |
| G1460196A | | | | ✔ | | 6 | 1 | 21 | 4:18 am/pm | ☐ | | -0- / T | | ☒ | ☐ | ☒ | ☐ | ☒ | ☐ | 21060124-01 |
| G1460196A | | | | ✔ | | 6 | 2 | 21 | 6:05 am/pm | ☐ | | -0- / T | | ☒ | ☐ | ☒ | ☐ | ☒ | ☐ | -02 |
| | | | | | | | | | am/pm | ☐ | | / F T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | ☐ | | / F T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | ☐ | | / F T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | ☐ | | / F T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | ☐ | | / F T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | ☐ | | / F T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | ☐ | | / F T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | ☐ | | / F T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |

Form instructions: www.tceq.texas.gov/drinkingwater/microbial/revised-total-coliform-rule    * Special and Continuation samples are NOT FOR COMPLIANCE    Lab Rejected Code (LR) - Document Reason

Case 4:23-CV-04729    Document 185    Filed 04/03/26 in TXSD    Page 46 of 49

Exhibit F
(B) 10-06-21

# TCEQ Microbial Reporting Form

TCEQ Form 10525
08/2017

## Chaparral Laboratories, Inc.

P.O. Box 1622         861 State Hwy 19
Huntsville, TX 77342    Huntsville, TX 77320

www.chaparrallabs.com  Phone: 936-291-1881  Fax: 936-295-1731

Test results must meet all accreditation / certification requirements unless stated otherwise

TCEQ Laboratory ID:
T104704204

### Water System Identification & Sample Collection Information (Please type or use block print)

Public Water System ID: (Must be 7 digits, include leading zeroes) **TX 1460196**

Public Water System Name: **Camino Real**

County: **Liberty**

**Report Results To:**

Name: **JOHNSTON WATER WELL**

Address: **P.O. Box 370**

City: **NEW WAVERLY**

State: **TX**    Zip Code: **77358**

Phone #: **281-351-5643**    Other Contact:

Sampler Name (Print): **SHANNON MARSH**

Signature:

Operator License #:

☐ Owner   ☐ Operator  Other

### SHADED AREA FOR LABORATORY USE ONLY

| | | Date / Time |
|---|---|---|
| Sample Iced? | Relinquished By (Sampler) | 6/3/21 |
| ☒ Yes ☐ No | Received By (Courier, if applicable) | Date / Time: 6/3/21 15:50 |
| Temperature: 5.9 °C | Relinquished By (Courier) | Date / Time: 6/3/21 17:50 |
| Corrected Temp: 5.6 °C | Received By (Lab) | Date / Time: 6/3/21 1750 |

Lab Comments:

| | Incubation Date & Time | |
|---|---|---|
| | Begin | End |
| Tested By: | Date: 6/3/21 | Date: 6/4/21 |
| | Time: 1750 | Time: 1751 |
| Laboratory Approval: | Date: 06-07-21 | Time: 1008 |
| Report to: | Date: 06-07-21 | Time: 1008 |

### Lab Results

Test Method: **SM 9223**

| Sample Identification/Location | Sample Type: (✓ one) | | | | | Collected | | | | | Sample ID & Date of Originating Sample | Chlorine Residual | Rejection Code | Chlorine | | Total Coliform | | E. Coli | | Laboratory Sample ID Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Source (Distribution) | Repeat | Raw Well | Special | Construct | Month | Day | Year | Time AM or PM | Replacement | | | | Absent | Present | Absent | Present | Absent | Present | |
| G1460196A | | | | ✔ | | 6 | 3 | 21 | 8:30 am | | (R) | F / T | | ☒ | ☐ | ☒ | ☐ | ☒ | ☐ | 21060193-01 |
| | | | | | | | | | am/pm | | | F / T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | | | F / T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | | | F / T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | | | F / T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | | | F / T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | | | F / T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | | | F / T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | | | F / T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| | | | | | | | | | am/pm | | | F / T | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |

Form instructions: www.tceq.texas.gov/drinkingwater/microbials/revised-total-coliform-rule    * Special and Construction samples are NOT FOR COMPLIANCE    Lab Rejected Code (LR) - Document Reason.



# Chaparral Laboratories, Inc.



861 State Hwy 19   P.O. Box 1622   Huntsville, TX 77342-1622   www.chaparrallabs.com   Phone 936-291-1481   Fax 936-295-1734

## Certificate of Analysis

Johnston Water Wells
Attn: Shannon Marsh
P.O. Box 370
New Waverly. TX 77358

Customer ID: JOHNSTON
Sample ID: 21060089
Date Received: 06.02.2021
Date Reported: 07.05.2021

Project:    Camino Real PWS
Location:   Liberty County, TX

## Analytical Results

| Collection Point: Well A | | | | | | Date/Time Collected: 06/02/2021 08:30 | | |
| Sample Type: Grab | | | | | | Collector: DHV | | |

| Parameter | Result | Units | Date/Time | Analyst | Bottle | Method | QC ID | Acrd |
|---|---|---|---|---|---|---|---|---|
| Alkalinity | 162.1 | mg/L CaCO3 | 06/11/2021 14:10 | DKH | -01 | SM 2320 B | QC2106122 | Note 1 |
| Chloride | 18.1 | mg/L | 06/04/2021 11:17 | DKH | -01 | EPA 300.0 | QC2106115 | NELAP |
| Sulfate | 20.0 | mg/L | 06/04/2021 11:17 | DKH | -01 | EPA 300.0 | QC2106117 | NELAP |
| Total Dissolved Solids | 400.0 | mg/L | 06/07/2021 10:25 | DKH | -01 | SM 2540 C | QC2106140 | NELAP |
| Calcium | 41.4 | mg/L | 06/09/2021 13:16 | MHE | -02 | SM 3111 B | QC2106101 | Note 1 |
| Copper | <0.020 | mg/L | 07/02/2021 13:26 | MHE | -02 | SM 3111 B | QC2107027 | NELAP |
| Lead | <0.0025 | mg/L | 07/02/2021 09:24 | MHE | -02 | SM 3113 B | QC2107028 | NELAP |
| Aluminum | <0.040 | mg/L | 06/08/2021 19:49 | SA | -03 | EPA 200.8 | QC2106281 | NELAP |
| Arsenic | <0.003 | mg/L | 06/08/2021 19:49 | SA | -03 | EPA 200.8 | QC2106282 | NELAP |
| Fluoride | <0.100 | mg/L | 06/03/2021 18:10 | SA | -03 | EPA 300.0 | QC2106284 | NELAP |
| Iron | 0.036 | mg/L | 06/09/2021 13:10 | SA | -03 | EPA 200.7 | QC2106274 | NELAP |
| Manganese | 0.00105 | mg/L | 06/08/2021 19:49 | SA | 03 | EPA 200.8 | QC2106276 | NELAP |
| Nitrate Nitrogen | 0.0589 | mg/L | 06/03/2021 18:10 | SA | -03 | EPA 300.0 | QC2106285 | NELAP |
| Nitrite Nitrogen | <0.020 | mg/L | 06/03/2021 18:10 | SA | -03 | EPA 300.0 | QC2106286 | NELAP |
| Sodium | 13.1 | mg/L | 06/09/2021 13:10 | SA | -03 | EPA 200.7 | QC2106275 | NELAP |
| Zinc | 0.0205 | mg/L | 06/08/2021 19:49 | SA | -03 | EPA 200.8 | QC2106283 | NELAP |
| Radiological Analysis | See KNL Report | | | SA | -04 | N/A | QC2106429 | NELAP |
| pH | 7.8 | SU | 06/02/2021 08:50 | DHV | -07 | SM 4500-H+ B | QC2106074 | Note 1 |
| Temperature | 22.4 | °C | 06/02/2021 08:50 | DHV | -07 | SM 2550 B | QC2106075 | Note 1 |

## Quality Control

| QC ID | Param | QC Type | Result | Units | Flag |
|---|---|---|---|---|---|
| QC2106074 | pH | RPD | 0 | % | |
| QC2106075 | Temperature | RPD | 0 | % | |

Monday, July 5, 2021

Certificate of Analysis Page 1 of 4






**FL DOH Certification #E84025**
**TX Cert.# T104704527-20-7**

Report Date:   June 18, 2021

Chaparral Laboratories, Inc.
P. O. Box 1622
Huntsville, TX 77342

Attn: D.T. Hintzel

| | |
|---|---|
| Field Custody: | Client |
| Client/Field ID: | 21060089 |
| | Camino Real PWS Well A |
| Sample Collection: | 06-02-21/0850 |
| Lab ID No: | 21.8565 |
| Lab Custody Date: | 06-07-21/I120 |
| Sample Description: | DW |

## CERTIFICATE OF ANALYSIS

| Parameter | Units | Results | Analysis Date | Method | Detection Limit |
|---|---|---|---|---|---|
| Gross Alpha | pCi/l | 2.1 ± 0.6 | 6-10-21/2358 | EPA 900.0 | 0.6 |
| Gross Beta | pCi/l | 0.0 ± 0.0 | 6-10-21/2358 | EPA 900.0 | 2.2 |
| Combined Radium (Radium-226 + Radium 228) | pCi/l | 0.9 ± 0.5 | Calc | Calc | 0.6 |
| Radium-226 | pCi/l | 0 ± 0.3 | 6-15-21/1244 | EPA 903.0* | 0.4 |
| Radium-228 | pCi/l | 0.6 ± 0.5 | 6-17-21/1123 | EPA Ra-05 | 0.5 |
| Uranium | pCi/l | 1.1 ± 0.3 | 6-12-21/1137 | EPA 908.0 | 0.3 |
| Uranium | ppb | 1.6 ± 0.4 | Calc | Calc | Calc |

Alpha Standard: Th-230
Beta Standard:  Cs-137
\* 90% carrier recovery
U = indicates that the compound was analyzed for but not detected.
I = the reported value is between the laboratory detection limit and the laboratory practical quantitation limit

*Thomas J. Weeks*
Thomas J. Weeks
Laboratory Manager

Test results meet all requirements of the 2016 TNI standards. Statement of estimated uncertainty available upon request. Test results refer only to sample(s) listed. Contact person: Thomas Weeks (813) 229-2879.

Page 1 of 1

Page 16 of 23

Exhibit F    18 of 18

Maria Acevedo
16827 Mathil Drive
Spring, TX. 77379

United States Courts
Southern District of Texas
FILED

APR 03 2026

Nathan Ochsner, Clerk of Court

United States Courthouse
Att: Clerk office
PO BOX 61010
Houston, TX. 77208

U.S. POSTAGE IMI
$3.84
RDC 99
77379   FCM
Date of sale
03/30/26
02      8W9S
2000383386